THE STATE EX REL. WALKER ET AL. *v.* CITY OF BOWLING GREEN ET AL.

[Cite as *State ex rel. Walker* v. *Bowling Green* (1994), 69 Ohio St.3d 391.]

(No. 93–882—Submitted February 22, 1994—Decided June 1, 1994.)

*Gregory E. Bakies* and *Rodney A. Fleming,* for relators.

*Marsh & Marsh* and *Michael J. Marsh,* for respondents.

ALICE ROBIE RESNICK, J. We must first determine whether mandamus is the proper remedy here.

In *State ex rel. Corron v. Wisner* (1971), 25 Ohio St.2d 160, 163, 54 O.O.2d 281, 283, 267 N.E.2d 308, 310–311, we stated that "[w]here, as here, an action in mandamus does not provide effective relief unless accompanied by an ancillary [preventive] injunction, it would appear that injunction rather than mandamus is the appropriate remedy." In *State ex rel. Hodges v. Taft* (1992), 64 Ohio St.3d 1, 4, 591 N.E.2d 1186, 1189, we indicated that this is a corollary to the rule established in *State ex rel. Pressley v. Indus. Comm.* (1967), 11 Ohio St.2d 141, 40 O.O.2d 141, 228 N.E.2d 631, paragraph four of the syllabus, that a complaint in mandamus must be dismissed for want of jurisdiction where "the substance of the allegations makes it manifest that the real object of the relator is an injunction * * *."

Were this court to find the city's apportionment plan to be unconstitutional, we would "be under a clear and unmistakable duty to take such steps as will effectively accomplish the enforcement and vindication of the constitutional rights of the [relators]." *Baker v. Carr* (D.C.Tenn.1962), 206 F.Supp. 341, 350. This means that we would not render "a declaratory judgment in this case as to the validity or invalidity of the composition and apportionment of the legislature, apart from the [relators'] rights with respect to a future election or elections." *Guntert v. Richardson* (1964), 47 Hawaii 662, 669, 394 P.2d 444, 448. Thus, as the United States Supreme Court stated in the seminal case of *Reynolds v. Sims*

(1964), 377 U.S. 533, 585, 84 S.Ct. 1362, 1393–1394, 12 L.Ed.2d 506, 541, absent special circumstances justifying the withholding of immediate relief such as where an election is imminent, "once a State's legislative apportionment scheme has been found to be unconstitutional, it would be the unusual case in which a court would be justified in not taking appropriate action to insure that no further elections are conducted under the invalid plan." See, also, *Lucas v. Forty–Fourth Gen. Assembly of Colorado* (1964), 377 U.S. 713, 736, 84 S.Ct. 1459, 1473, 12 L.Ed.2d 632, 647; *Rural West Tennessee African–American Affairs Council, Inc. v. McWherter* (W.D.Tenn.1993), 836 F.Supp. 447, 452, affirmed *Millsaps v. Langsdon* (1994), 510 U.S. ——, 114 S.Ct. 1183, 127 L.Ed.2d 534.

It is clear that were this court to find the city's apportionment plan unconstitutional, mandamus would not provide effective relief unless accompanied by an ancillary preventive or prohibitory injunction. Indeed, relators seek such injunctive relief by asking for a declaration "that all future elections under this system are void." Although stated in positive language, the essence of such a request is to enjoin the city from conducting any future elections under the present apportionment system.

Accordingly, mandamus is not the appropriate remedy in this case and relators' complaint seeking such relief must be dismissed.

*Complaint dismissed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT and F.E. SWEENEY, JJ., concur.

PFEIFER, J., dissents.