[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 465.]

WRIGHT, APPELLANT, *v*. GHEE ET AL., APPELLEES.

[Cite as *Wright v. Ghee*, 1996-Ohio-283.]

*Civil procedure—Dismissal and mandamus claim for failure to set forth the cause of action in numbered paragraphs, as required by Civ.R. 10(B), not appropriate, when.*

(No. 95-1401—Submitted December 5, 1995—Decided February 7, 1996.)

APPEAL from the Court of Appeals for Franklin County, No. 95APD05-591.

_____

{¶ 1} On May 15, 1995, appellant, John L. Wright, filed a document entitled "Application Requesting for A Writ of Habeas Corpus" in the Court of Appeals for Franklin County. In the document, Wright sought habeas corpus and mandamus relief. He filed no documents exhibiting the cause of his commitment, as required by R.C. 2725.04(D) in habeas corpus, but instead asked the court to compel discovery from respondents, the Ohio Adult Parole Authority and its chief, of all documents in his parole file. In his "application" he alleged, among other issues, that his parole was revoked as the result of an illegal search and seizure, in violation of *State ex rel. Wright v. Ohio Adult Parole Auth.* (Apr. 28, 1994), Franklin App. No. 93AP-622, unreported, 1994 WL 158904.

{¶ 2} On May 24, 1995, he filed a second document entitled "Application Requesting for Declaratory And Injunctive Relief," in which he raised essentially the same issues as in the first document.

{¶ 3} On June 1, 1995, the court of appeals issued two journal entries, one dismissing appellant's application for habeas and mandamus because it did not comply with Civ.R. 10(B) and set forth his claims in numbered paragraphs, and a second dismissing the application for declaratory judgment and injunction for lack of jurisdiction.

**{¶ 4}** Appellant appeals to this court as a matter of right.  On appeal, he argues only the search and seizure issue, again citing *State ex rel. Wright v. Ohio Adult Parole Auth., supra.*

————————————

*John L. Wright*, *pro se*.

*Betty D. Montgomery*, Attorney General, and *John J. Gideon*, Assistant Attorney General, for appellees.

————————————

***Per Curiam.***

**{¶ 5}** We affirm the court of appeals' dismissal of the complaint for declaratory judgment and injunction, as courts of appeals lack jurisdiction in these causes.  *State ex rel. Neer v. Indus. Comm.* (1978), 53 Ohio St. 2d 22, 7 O.O.3d 64, 371 N.E.2d 842; *State ex rel. Pressley v. Indus. Comm.* (1967), 11 Ohio St. 2d 141, 40 O.O.2d 141, 228 N.E.2d 631, paragraph four of the syllabus.  Moreover, we affirm dismissal of the habeas claim for failure to attach documents, as required by R.C. 2725.04(D).  However, we reverse as to appellant's mandamus claim.

**{¶ 6}** The court of appeals dismissed the habeas and mandamus claims for failure to set forth the cause of action in numbered paragraphs, as required by Civ.R. 10(B).  There is no doubt from the record that appellant's "application" did not conform to that rule, but was, as the court of appeals stated, "more in the nature of a brief than a complaint."  However, the Staff Note to Civ.R. 10(B) suggests that the proper remedy for failure to comply is granting a motion to separately state and number, not *sua sponte* dismissal:

"Under present Ohio practice the penalty for failing to separately state and number is a motion to separately state and number.  Under the rule the same motion should be used (although such motion is not specifically provided for in Rule 12), but it should be granted as a practical matter, as has been the experience in federal

courts under the same rule, only when confusion is caused by failure to separately state and number such that the opposing party cannot properly answer. ***"

{¶ 7} Accordingly, we hold that dismissal of the habeas and mandamus claims for this procedural formality was not appropriate in this case.

{¶ 8} Appellees also argue that the court of appeals could have dismissed the habeas petition under *Hammond v. Dallman* (1992), 63 Ohio St. 3d 666, 590 N.E.2d 744, for failure to attach commitment documents, as required by R.C. 2725.04(D), and for failure to attack jurisdiction. The jurisdictional argument is no longer well taken. In *State ex rel. Pirman v. Money* (1993), 69 Ohio St. 3d 591, 635 N.E.2d 26, we held that habeas will lie for nonjurisdictional deprivations of liberty if there is no adequate legal remedy. There is no appeal from a parole revocation decision; therefore, there is no adequate legal remedy. However, the cause in habeas corpus could have been properly dismissed for failure to comply with R.C. 2725.04(D): "*** [A] reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assessed as a basis thereof." *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 217, 222, 631 N.E.2d 150, 154. Accordingly, we affirm dismissal of the habeas claim on alternate grounds.

{¶ 9} Mandamus, however, is not subject to R.C. 2725.04(D), and in mandamus, appellant may compel discovery. In *State ex rel. Wright, supra*, the Court of Appeals for Franklin County allowed a writ of mandamus, compelling the Ohio Adult Parole Authority to hold a new hearing excluding evidence derived from unconstitutional searches, citing *State v. Burkholder* (1984), 12 Ohio St. 3d 205, 12 OBR 269, 466 N.E.2d 176, in which this court held that evidence derived from an unlawful search must be excluded from probation revocation proceedings. *Wright* was appealed to this court and remains pending on motion for reconsideration. Accordingly, we find that the claim of unlawful search states a potentially good cause of action in mandamus, and having rejected the grounds of

procedural formality upon which the court of appeals dismissed the claim in mandamus, we reverse and remand for mandamus proceedings consistent with *State ex rel. Wright v. Ohio Parole Board Auth., supra.*

*Judgment affirmed in part, reversed in part and cause remanded.*

MOYER, C.J., WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

DOUGLAS, J., concurs in judgment only.

_____