**[This opinion has been published in *Ohio Official Reports* at 90 Ohio St.3d 269.]**

CITY OF EAST LIVERPOOL, APPELLEE, *v*. COLUMBIANA COUNTY BUDGET

COMMISSION; BUTLER TOWNSHIP ET AL., APPELLANTS.

[Cite as *E. Liverpool v. Columbiana Cty. Budget Comm.*, 2000-Ohio-75.]

*Taxation—Income tax—Apportioning Undivided Local Government Fund and Undivided Local Government Revenue Assistance Fund—Approval of alternate formula for apportioning monies in funds—Notice of appeal filed by city of East Liverpool when dissatisfied with amounts it was to receive from these funds—Decision of Board of Tax Appeals affirmed when supported by evidence.*

(No. 00-252—Submitted October 11, 2000—Decided November 8, 2000.)

APPEAL from the Board of Tax Appeals, Nos. 97-D-1516 and 97-D-1517.

_____

{¶ 1} During October 1997, appellee, the city of East Liverpool, was notified by the Columbiana County Budget Commission ("budget commission") of the amounts that it was to receive for 1998 from the proposed apportionment of the Undivided Local Government Fund ("ULGF") and the Undivided Local Government Revenue Assistance Fund ("ULGRAF"). Being dissatisfied with the amounts it was to receive from these funds, East Liverpool filed a notice of appeal with the Board of Tax Appeals ("BTA").

{¶ 2} East Liverpool claimed in its appeal that the two funds had been apportioned using an alternate formula adopted by the budget commission in 1997 that had not been approved by East Liverpool, and, therefore, the apportionment for 1998 was erroneous. East Liverpool claimed that the only valid alternate formula was the one that had been adopted by the budget commission in 1990. The BTA, however, *sua sponte* ruled that an alternate formula, however structured, that was adopted for distribution of ULGF and ULGRAF funds had a legally implied

limitation of one year. Therefore, the BTA held that the alternate formula that had been adopted in 1990 was no longer applicable. East Liverpool filed an appeal of the BTA's decision with this court.

{¶ 3} On the basis of our decision in *Lancaster v. Fairfield Cty. Budget Comm.* (1999), 86 Ohio St.3d 137, 712 N.E.2d 719, we reversed the BTA's decision. *E. Liverpool v. Columbiana Cty. Budget Comm.* (1999), 86 Ohio St.3d 317, 715 N.E.2d 127.

{¶ 4} Based on stipulations presented at the first hearing and evidence received at a hearing after this court's reversal, the BTA found that the 1997 action of the budget commission did not follow the 1990 alternate formula and was, therefore, contrary to law and that the apportionment should have been made pursuant to the 1990 alternate formula, as modified with the approval of the BTA in 1994.

{¶ 5} The cause is now before this court upon an appeal as of right.

_____

*John R. Varanese*, for appellee.

*Alfred E. Schrader*, for appellants Townships of Butler, Center, Elkrun, Fairfield, Franklin, Hanover, Knox, Liverpool, Madison, Middleton, Perry, Salem, St. Clair, Unity, Washington, Wayne, West and Yellow Creek.

*Brooke Zellers*, Law Director, for appellant city of Salem.

_____

***Per Curiam.***

{¶ 6} The ULGF and ULGRAF are established by R.C. Chapter 5747 for the receipt of various state tax monies transferred to the counties for distribution to local subdivisions. The county budget commission established by R.C. 5705.27 *et seq.* has two options for distributing the funds. The funds may be allocated by the statutory method provided for by R.C. 5747.51 and 5747.62, or by the alternative method provided for by R.C. 5747.53 and 5747.63.

2

**{¶ 7}** In October 1997, the budget commission voted pursuant to R.C. 5747.53 and 5747.63 to adopt a new alternate formula for distributing the ULGF and ULGRAF funds for 1998. However, R.C. 5747.53 and 5747.63 specifically require that for an alternate formula to become effective it "shall * * * first [be] approved by all" three of the following governmental units: (1) the board of county commissioners, (2) the legislative authority of the city with the greatest population located wholly or partially in the county, and (3) a majority of the boards of township trustees and legislative authorities of municipal corporations, located wholly or partially in the county, excluding the legislative authority of the city with the greatest population. Because the 1997 alternate formula adopted by the budget commission was not approved by East Liverpool, the city with the greatest population wholly or partially in the county, it was enacted contrary to law.

**{¶ 8}** The appellants contend in their notice of appeal that there is no longer any documentation existing to establish that the necessary political subdivisions approved the 1990 alternate formula. In addition, they contend that there is not sufficient evidence to show that the alternate formula adopted was the same alternate formula adopted in each of the political subdivisions whose approval was needed to adopt the alternate formula. We disagree.

**{¶ 9}** In reviewing a decision of the BTA, this court is not a "super" Board of Tax Appeals. *Hercules Galion Products, Inc. v. Bowers* (1960), 171 Ohio St. 176, 12 O.O.2d 292, 168 N.E.2d 404. We are confined to our statutorily delineated duty of determining whether the BTA's decision is reasonable and lawful. *Summit United Methodist Church v. Kinney* (1983), 7 Ohio St.3d 13, 15, 7 OBR 406, 407, 455 N.E.2d 669, 670. We will not overrule findings of fact of the BTA that are based upon sufficient probative evidence. *Hawthorn Mellody, Inc. v. Lindley* (1981), 65 Ohio St.2d 47, 19 O.O.3d 234, 417 N.E.2d 1257, syllabus.

**{¶ 10}** Reviewing the evidence in this case, we find that the minutes of the budget commission's meeting of December 13, 1990, introduced by East Liverpool

state that the settlement offer for the ULGF and ULGRAF funds proposed by the city of East Liverpool and St. Clair Township was accepted by Columbiana County and the twenty-two subdivisions named in the minutes, and that the budget commission voted to adopt the alternate formula pursuant to R.C. 5747.53 and 5747.63. In addition, the evidence contains a copy of a decision and order of the BTA in a prior case involving the 1990 alternate formula, wherein the full text of the 1990 alternate formula is set forth. See *Columbiana Cty. Park Dist. v. Columbiana Cty. Budget Comm.* (Dec. 19, 1994), BTA No. 93-D-1174, unreported. The 1990 alternate formula set forth in the BTA's prior decision and order sets forth in two places that it is for the term "1994 and thereafter." Thus, there is evidence to support the BTA's finding that the 1990 alternate formula is still valid and that the allocation for the 1998 distribution should have been made pursuant to the 1990 alternative formula as later modified with the approval of the BTA in 1994.

{¶ 11} We have not considered the contention concerning *res judicata* raised in appellants' brief because that issue was not listed in the appellants' notice of appeal.

{¶ 12} The decision of the BTA being supported by the evidence is reasonable and lawful and is, therefore, affirmed.

*Decision affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————

4