[This decision has been published in *Ohio Official Reports* at 91 Ohio St.3d 470.]

THE STATE EX REL. CROBAUGH ET AL. *v.* WHITE, CLERK, ET AL.

[Cite as *State ex rel. Crobaugh v. White*, 2001-Ohio-102.]

*Zoning—Mandamus sought to compel city of North Ridgeville and clerk of city council to remove the notations on the official zoning map for planned community development zoning for the Waterbury and Meadow Lakes developments—Cause dismissed, when.*

(No. 01-71—Submitted March 27, 2001—Decided May 23, 2001.)

IN MANDAMUS.

_____

*Per Curiam.*

{¶ 1} On September 20, 1999, the North Ridgeville City Council passed Ordinance No. 3491-99, which added Planned Community Development ("PCD") District as a new zoning classification. Under this ordinance, following approval by city council of a preliminary plan to develop land as a PCD District, the clerk of council has a duty to reflect the approval on the city's zoning map:

"*Following approval of the application by Council, the Clerk shall cause a notation to be made on the Zoning Map to reflect the area which is included in the approved preliminary plan in a PCD District.* If the developer does not complete and file a final plan of a phase of the development area within one (1) year, the approval of the preliminary plan shall lapse and the notation of such approval shall be removed from the Zoning Map.

"*Following approval of the application by Council and the notation of the Zoning Map, the legislative process for rezoning the PCD shall be complete. Review and approval by Council of the PCD's final development application shall be solely administrative in nature.*" (Emphasis added.)

**{¶ 2}** On October 2, 2000, the city council passed Ordinance No. 3621-2000, granting approval for the preliminary plan for a six-hundred-forty-acre PCD known as Waterbury. On October 16, 2000, the city council passed Ordinance No. 3628-2000, which approved the preliminary plan for a five-hundred-ninety-five-acre PCD known as Meadow Lakes. Respondent North Ridgeville Clerk of Council Jim White noted the PCD zoning for Waterbury and Meadow Lakes on the zoning map.

**{¶ 3}** On December 4, 2000, respondents, North Ridgeville and White, as well as the President of the North Ridgeville City Council, filed a complaint in the Lorain County Court of Common Pleas naming as defendants the committees for the referenda of Ordinance Nos. 3621-2000 and 3628-2000, committee members, and relators, North Ridgeville resident-taxpayers Chris Crobaugh, Ron Hawk, and Mike Tyson. In that case, the plaintiffs requested a judgment declaring that the ordinances were validly passed as emergency measures in compliance with the North Ridgeville Charter and validly rezoned the Waterbury and Meadow Lakes properties.

**{¶ 4}** In January 2001, instead of confining their claims to the declaratory judgment action, Crobaugh, Hawk, and Tyson filed a complaint in this court for a writ of mandamus to compel North Ridgeville and White to remove the "illegal notations for PCD Zoning for the Waterbury and Meadow Lakes developments on the official zoning map." Respondents filed an answer, and Sunrise Development Company, which is under contract to purchase the Waterbury property, filed a motion for leave to intervene as a respondent and to file a motion to dismiss. Subsequently, FJD Properties, L.L.C. and All-Purpose Construction, Inc. filed a motion for leave to intervene as respondents and a motion to dismiss.

**{¶ 5}** This cause is now before the court for its S.Ct.Prac.R. X(5) determination.

{¶ 6} We must now determine whether dismissal, an alternative writ, or a peremptory writ is appropriate. S.Ct.Prac.R. X(5). Dismissal is appropriate if it appears beyond doubt, after presuming the truth of all material factual allegations and making all reasonable inferences in favor of relators, that they are not entitled to the requested extraordinary relief in mandamus. *State ex rel. DeBrosse v. Cool* (1999), 87 Ohio St.3d 1, 3, 716 N.E.2d 1114, 1116.

{¶ 7} Dismissal is warranted here because respondents have no duty to remove the PCD classification from the North Ridgeville Zoning Map and relators have an adequate legal remedy by way of the pending declaratory judgment action to raise their claims.

{¶ 8} Neither the Clerk of the North Ridgeville Council nor North Ridgeville has any duty under the ordinances to remove the PCD classification from the Waterbury or the Meadow Lakes property. In fact, the clerk had an express duty under Section A.08 of Ordinance No. 3491-99 to include notations for PCD zoning for these developments when the ordinances approving the preliminary development plans were passed by the city council. That section states, "Following approval of the application by Council, the Clerk shall cause a notation to be made on the Zoning Map to reflect the area which is included in the approved preliminary plan in a PCD District."

{¶ 9} Moreover, "[w]here parties to a mandamus action are also parties, or may be joined as parties, in a previously filed declaratory judgment action involving the same subject matter, a court, in the exercise of its discretion, may refuse to issue a writ of mandamus." *State ex rel. Bennett v. Lime* (1978), 55 Ohio St.2d 62, 9 O.O.3d 69, 378 N.E.2d 152, syllabus; *State ex rel. Huntington Ins. Agency, Inc. v. Duryee* (1995), 73 Ohio St.3d 530, 537, 653 N.E.2d 349, 356. Relators are parties to a pending, previously filed declaratory judgment action in common pleas court, and they can raise their claims challenging respondents' interpretation of the ordinances or their constitutionality in that action. See *State ex rel. Grendell v.*

*Davidson* (1999), 86 Ohio St.3d 629, 635, 716 N.E.2d 704, 710 ("constitutional challenges to legislation are normally considered in an action in a court of common pleas rather than an extraordinary writ action filed here"); *State ex rel. Linndale v. Teske* (1995), 74 Ohio St.3d 1415, 655 N.E.2d 736.  And like *Grendell*, 86 Ohio St.3d at 635, 716 N.E.2d at 710, this case does not involve a public right of the magnitude at issue in *State ex rel. Ohio Academy of Trial Lawyers v. Sheward* (1999), 86 Ohio St.3d 451, 715 N.E.2d 1062.

{¶ 10} Finally, our judgment in *State ex rel. Commt. for the Referendum of Ordinance No. 3543-00 v. White* (2000), 90 Ohio St.3d 212, 736 N.E.2d 873, is not *res judicata* because we did not enter judgment on these claims in that cause.

{¶ 11} Based on the foregoing, we dismiss the cause.  This renders moot the remaining motions.

*Cause dismissed.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

DOUGLAS and COOK, JJ., concur in judgment.

————————————

*Phillips & Co., L.P.A.*, and *Gerald W. Phillips*, for relators.

*Eric H. Zagrans*, North Ridgeville Law Director, for respondents.

————————————