[This decision has been published in *Ohio Official Records* at 94 Ohio St.3d 119.]

THE STATE EX REL. RASUL-BEY *v.* ONUNWOR, MAYOR.

[Cite as *State ex rel. Rasul-Bey v. Onunwor*, 2002-Ohio-67.]

*Public records—Mandamus sought to compel Mayor of East Cleveland to provide relator, a defendant in a criminal proceedings, access to a police incident report describing alleged misconduct by relator—Peremptory writ granted—Attorney fees granted, when.*

(No. 01-1635—Submitted November 13, 2001—Decided January 16, 2002.)

IN MANDAMUS.

_____

*Per Curiam.*

{¶ 1} By letter dated June 6, 2001, relator, Jan Rasul-Bey, through counsel, requested that respondent, Emmanuel W. Onunwor, Mayor of the city of East Cleveland, permit him "to inspect and photocopy the police incident report describing alleged misconduct by Mr. Rasul-Bey on or about December 9, 2000 in East Cleveland." On June 19, 2001, Rasul-Bey's attorney asked East Cleveland Assistant Law Director Ronda G. Curtis why there had been no reply to Rasul-Bey's records request, and Curtis told him that Rasul-Bey should request the police incident report from the prosecutor in the criminal case against him. Rasul-Bey had requested the report from the prosecutor, but the prosecutor had refused, and Rasul-Bey's discovery motion in his criminal case under the Rules of Criminal Procedure for access to the report had never been ruled upon.

{¶ 2} On June 25, 2001, Curtis advised Rasul-Bey that the requested police incident report existed but that Onunwor had no duty to provide access to the requested report.

{¶ 3} By letter dated July 2, 2001, Rasul-Bey, through counsel, reiterated his request for access to the police incident report. Rasul-Bey's attorney noted that

on June 25, Curtis had stated that based on our decision in *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 639 N.E.2d 83, the requested incident report need not be released because records used in a criminal investigation are not subject to disclosure under R.C. 149.43, Ohio's Public Records Act. On August 23, Rasul-Bey, through counsel, reasserted his demand for access to the police incident report.

{¶ 4} After Rasul-Bey received no responses to his July 2 and August 23 requests, he filed this action for a writ of mandamus to compel the mayor to provide him with access to the requested police incident report. Rasul-Bey also requested an award of attorney fees. The mayor filed a motion to dismiss.

{¶ 5} This cause is now before the court upon a S.Ct.Prac.R. X(5) determination.

Mandamus

{¶ 6} Under S.Ct.Prac.R. X(5), we must now determine whether dismissal, an alternative writ, or a peremptory writ is appropriate. The mayor seeks dismissal, which is "appropriate if it appears beyond doubt, after presuming the truth of all material factual allegations and making all reasonable inferences in favor of [Rasul-Bey], that [he is] not entitled to the requested extraordinary relief in mandamus." *State ex rel. Crobaugh v. White* (2001), 91 Ohio St.3d 470, 471, 746 N.E.2d 1120, 1122. If, however, it appears beyond doubt that Rasul-Bey is entitled to the requested extraordinary relief, a peremptory writ shall issue. *State ex rel. Shemo v. Mayfield Hts.* (2001), 93 Ohio St.3d 1, 4, 752 N.E.2d 854, 858.

{¶ 7} Rasul-Bey claims that he is entitled to the writ because routine offense and incident reports are subject to immediate release upon request. The mayor counters that as a criminal defendant, Rasul-Bey must rely solely on discovery under Crim.R. 16.

{¶ 8} In *Steckman*, 70 Ohio St.3d 420, 639 N.E.2d 83, paragraph five of the syllabus, we held that "[r]outine offense and incident reports are subject to immediate release upon request" and that "[i]f release is refused, an action in

2

mandamus, pursuant to R.C. 149.43(C), will lie to secure release of the records." We recently reaffirmed *Steckman* by holding that a police incident report form, which incorporated attached narrative statements by witnesses and law enforcement officers, was a public record that must be released under the Ohio Public Records Act, R.C. 149.43, immediately upon request. *State ex rel. Beacon Journal Publishing Co. v. Maurer* (2001), 91 Ohio St.3d 54, 57, 741 N.E.2d 511, 514. Offense and incident reports initiate criminal investigations but are not part of the investigation, and they are not exempt from disclosure under R.C. 149.43. *Id.* at 56-57, 741 N.E.2d at 514, citing *State ex rel. Cincinnati Enquirer v. Hamilton Cty.* (1996), 75 Ohio St.3d 374, 378, 662 N.E.2d 334, 337; and *State ex rel. Logan Daily News v. Jones* (1997), 78 Ohio St.3d 322, 323, 677 N.E.2d 1195, 1196.

{¶ 9} Unlike the respondent in *Maurer*, the mayor here does not assert that the requested police incident report is a confidential law enforcement investigatory record or that it falls within some other statutory exemption. The mayor instead contends that under the second paragraph of the syllabus in *Steckman*, Rasul-Bey is restricted to discovery in his pending criminal proceeding to request the police incident report rather than a mandamus action under R.C. 149.43(C).

{¶ 10} In *Steckman*, paragraph two of the syllabus, we held that "[i]n the criminal proceeding itself, a defendant may use only Crim.R. 16 to obtain discovery." But this holding does not mean that Rasul-Bey is not entitled to the requested writ of mandamus simply because he is the defendant in a related criminal proceeding. See *State ex rel. Mayes v. Holman* (1996), 76 Ohio St.3d 147, 149, 666 N.E.2d 1132, 1134, quoting *State ex rel. Carpenter v. Tubbs Jones* (1995), 72 Ohio St.3d 579, 580, 651 N.E.2d 993, 994 (" 'Not every record contained within a prosecutor's file is an exempt "trial preparation record." Documents discoverable under Crim.R. 16(B) *or other records, such as routine [offense] and [incident] reports, fall outside the definition of "trial preparation record" and are always*

*subject to disclosure upon request by the criminal defendant.*' "). (Emphasis added.)

**{¶ 11}** There is no evidence or specific argument that the requested incident report is discoverable under Crim.R. 16(B). In fact, the prosecutor in Rasul-Bey's criminal case refused disclosure of the report under Crim.R. 16(B).

**{¶ 12}** In *Steckman*, 70 Ohio St.3d at 437-439, 639 N.E.2d at 96-97, we held that a criminal defendant could not use R.C. 149.43 in a pending criminal case to obtain public records relating to the charges against him and that mandamus was the only proper remedy for him, but that he was not entitled to the writ in that case because the records were exempt from release as work product. By contrast, the incident report requested here is *not* exempt from release and must be disclosed to Rasul-Bey. *Steckman*, paragraph five of the syllabus.

**{¶ 13}** Finally, the appellate cases that the mayor cites in support of his decision to withhold the requested police incident report from Rasul-Bey are inapposite. See *Perry v. Onunwor* (Dec. 7, 2000), Cuyahoga App. No. 78398, unreported, 2000 WL 1871753; and *State ex rel. Henderson v. Cleveland Police Dept.* (June 1, 2001), Cuyahoga App. No. 78891, unreported, 2001 WL 637564. In *Perry*, the records that were requested did not include any routine offense or incident report ("Mr. Perry seeks investigative reports, witness statements, evidentiary reports and scientific reports. *These are substantive work product and do not include the routine offense or incident report*. Therefore, the entirety of his request consists of records which are exempt from disclosure."). (Emphasis added.) In *Henderson*, the relator had received the initial offense and incident report, so the report was not at issue in the case.

**{¶ 14}** Based on the foregoing, and consistent with *Steckman* and its progeny, it appears beyond doubt that Rasul-Bey is entitled to the requested extraordinary relief in mandamus. Therefore, we grant a peremptory writ to compel the mayor to provide access to the requested police incident report.

Attorney Fees

{¶ 15} In *Maurer*, 91 Ohio St.3d at 58, 741 N.E.2d at 515, quoting *State ex rel. Multimedia, Inc. v. Whalen* (1990), 51 Ohio St.3d 99, 100, 554 N.E.2d 1321, 1322, we specified that "[a]warding 'attorney fees in public records cases is discretionary and is to be determined by the presence of a public benefit conferred by [the] relator seeking the disclosure. Moreover, since the award is punitive, reasonableness and good faith of the respondent in refusing to make disclosure may also be considered.' "

{¶ 16} Although the benefit conferred on the public is less here than that in *Maurer*, the public benefit is still sufficient: by forcing a recalcitrant public official to comply with the unambiguous mandate of precedent, it will make compliance with this precedent more likely in the future. And, as we observed in awarding attorney fees to the relator in *Maurer*, 91 Ohio St.3d at 58, 741 N.E.2d at 515, "our prior decisions have unequivocally held that incident reports are public records and must be disclosed immediately upon request" and "we have consistently and summarily rejected" the mayor's contentions. Although *Maurer* involved a newspaper publisher's request for public records rather than a criminal defendant's request, R.C. 149.43(A) applies to any person, regardless of purpose. *Steckman*, 70 Ohio St.3d at 427, 639 N.E.2d at 89; *State ex rel. Fant v. Enright* (1993), 66 Ohio St.3d 186, 188, 610 N.E.2d 997, 998.

{¶ 17} Therefore, Rasul-Bey is also entitled to an award of attorney fees. We order Rasul-Bey's counsel to submit a bill and documentation in support of his request for attorney fees. We also order Rasul-Bey's counsel to submit with the bill and documentation evidence that Rasul-Bey has paid or is obligated to pay, preferably by evidence of a written contract, the requested attorney fees incurred in connection with this mandamus action.

*Writ granted.*

PFEIFER, J., concurs.

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., concur in judgment.

MOYER, C.J., COOK and LUNDBERG STRATTON, JJ., concur in part and dissent in part.

_____

**COOK, J., concurring in part and dissenting in part.**

{¶ 18} Although incorrect, the mayor's interpretation of *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 639 N.E.2d 83, was not unreasonable.  I would, therefore, deny the request for attorney fees.

MOYER, C.J., and LUNDBERG STRATTON, J., concur in the foregoing dissenting opinion.

_____

*William K. Saks*, for relator.

*A.R. Abdoulkarim*, East Cleveland Director of Law, and *Ronda G. Curtis*, Assistant Director of Law, for respondent.

_____