JOURNAL ENTRY AND OPINION
{¶ 1} On September 16, 2002, relator Roderick Law filed a writ of mandamus against Judge Stuart Friedman. In the petition, relator asserts that the evidence at his trial failed to establish his involvement with the robbery and that the trial court erred by relying on the testimony of the co-defendant. Relator also claims that the court erred by allowing a detective to view the entire trial while excluding other witnesses. Finally, relator claims that his past was improperly admitted into evidence. On October 24, 2002, the respondent, through the Cuyahoga County Prosecutor's office, filed a motion to dismiss. For the following reasons, we grant the respondent's motion to dismiss.
{¶ 2} A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim may be granted when it appears beyond doubt from the face of the petition, presuming the allegations contained in the petition are true, that the petitioner can prove no set of facts which would warrant the relief sought. State ex rel. Neff v. Corrigan (1996), 75 Ohio St.3d 12,661 N.E.2d 170. The relief sought herein is a writ of mandamus.
{¶ 3} In order for this court to issue a writ of mandamus, a relator must establish that: 1) the relator possesses a clear legal right to the relief prayed; 2) the respondent possesses a clear legal duty to perform the requested act; and 3) the relator possesses no plain and adequate remedy in the ordinary course of the law. State ex rel. Manson v. Morris (1993), 66 Ohio St.3d 440, 613 N.E.2d 232, citing State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28, 451 N.E.2d 225.
{¶ 4} In this matter, we find that the relator failed to establish what clear legal right he possesses and what relief he requests. Relator also failed to establish what clear legal duty respondent must perform. Finally, relator has a plain and adequate remedy at law through a direct appeal. State ex rel. Walker v. Bowling Green (1994) 69 Ohio St.3d 391,632 N.E.2d 904; State ex rel. Baker v. Schiemann (1993), 67 Ohio St.3d 443,619 N.E.2d 692; State ex rel. Kuczak v. Saffold (1993), 67 Ohio St.3d 123,616 N.E.2d 230.
{¶ 5} We further find that relator failed to comply with R.C.2969.25 which mandates that he attach an affidavit to his complaint that describes each civil action or appeal of a civil action filed in the previous five years. The failure to provide such affidavit constitutes sufficient grounds for dismissal of the relator's complaint for a writ of mandamus. State ex rel. Zanders v. Ohio Parole Board (1998),82 Ohio St.3d 421, 696 N.E.2d 594; State ex rel. Alford v. Winters (1997), 80 Ohio St.3d 285, 685 N.E.2d 1242.
{¶ 6} Relator also failed to comply with Loc.App.R. 45(B)(1)(a) which requires that complaints in original actions be supported by an affidavit from the plaintiff or relator specifying the details of the claim.
{¶ 7} Accordingly, we grant the respondent's motion to dismiss. Relator to pay costs. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B).
Writ Dismissed.
ANNE L. KILBANE, J., ANN DYKE, J., CONCUR.
KEY SUMMARY WORDS
Mandamus — Motion To Dismiss — No Duty — Adequate Remedy At Law.