THE STATE EX REL. SATOW ET AL. *v.* GAUSSE–MILLIKEN ET AL.

**[Cite as *State ex rel. Satow v. Gausse–Milliken,*
98 Ohio St.3d 479, 2003-Ohio-2074.]**

(No. 2003–0150—Submitted March 11, 2003—Decided May 7, 2003.)

## Per Curiam.

{¶ 1}  This case challenges the apportionment and distribution of money from the Undivided Local Government Fund ("ULGF") and Undivided Local Government Revenue Assistance Fund ("ULGRAF") pursuant to 2002 Sub.H.B. No. 329 ("H.B. 329") by respondents, who are the Columbiana County Treasurer, the Columbiana County Auditor, and members of the Columbiana County Budget Commission ("CCBC").

{¶ 2}  R.C. Chapter 5747 established ULGF and ULGRAF to receive certain state tax revenues, which are transferred to counties for distribution to local subdivisions. *E. Liverpool v. Columbiana Cty. Budget Comm.* (2000), 90 Ohio St.3d 269, 270, 737 N.E.2d 44.  Under the applicable statutes, the county budget commission has two options to distribute funds: (1) the statutory method under R.C. 5747.51 and 5747.62 or (2) the alternative method of R.C. 5747.53 and 5747.63.  Id.

{¶ 3}  In a settlement of an appeal instituted by relator city of East Liverpool, a majority of the Columbiana County political subdivisions, the board of county commissioners, and CCBC adopted and approved an alternate method of apportioning ULGF and ULGRAF for 1990 and thereafter.  From 1991 through 1997, CCBC apportioned and the county auditor and treasurer distributed money from ULGF and ULGRAF in Columbiana County according to the 1990 alternate formula.

{¶ 4}  In 1997, however, CCBC voted to apportion ULGF and ULGRAF money according to a distribution method that was not approved by the legislative authority of East Liverpool, the largest city in the county, as required under former R.C. 5747.53 and 5747.63.  1999 Sub.H.B. No. 185, 148 Ohio Laws, Part I, 1201, 1202–1203.  East Liverpool appealed the budget commission's actions, and on appeal, the Board of Tax Appeals ("BTA") found the commission's action unlawful and ordered an allocation and distribution of the funds according to the 1990 alternate formula.  We affirmed the BTA's decision.  *E. Liverpool,* 90 Ohio St.3d 269, 737 N.E.2d 44.

{¶ 5}  The General Assembly enacted H.B. 329, effective August 29, 2002, which amended R.C. 5747.53 and 5747.63 to allow ULGF and ULGRAF "under certain circumstances to be distributed among subdivisions under an alternative apportionment scheme without the approval of the largest municipal corporation in the county."  Title to 2002 Sub.H.B. No. 329.

{¶ 6}  Under R.C. 5747.53(C) and 5747.63(C), in certain counties, the legislative authorities of two or more political subdivisions that together have the majority of the county's total population may now adopt resolutions eliminating the requirement that the legislative authority of the largest city of that county approve an ULGF or ULGRAF alternative apportionment method for the next year's distribution of funds.

{¶ 7}  Notwithstanding the deadlines in the amended provisions, H.B. 329 allowed an alternative method of apportionment to be adopted and approved not later than September 2, 2002, and also allowed for distributions of ULGF and ULGRAF money during 2003.  Section 3 of 2002 Sub.H.B. No. 329.

{¶ 8}  In August 2002, CCBC implemented the provisions of H.B. 329 for the 2003 distributions of ULGF and ULGRAF.  According to respondents, an appeal by East Liverpool from CCBC's actions is currently pending before the BTA.  East Liverpool alleges that the CCBC reduced the city's general fund revenues by 17 percent, necessitating a severe reduction in services, including those provided by safety personnel, to the city's taxpayers.

{¶ 9}  Nearly five months after CCBC's action, relators, East Liverpool and its mayor, auditor, and treasurer in their unofficial capacities, filed this action for a writ of mandamus.  Relators ask this court to (1) declare H.B. 329 inapplicable to the apportionment of ULGF and ULGRAF in 2003, (2) declare H.B. 329 unconstitutional, (3) declare the alternate method of apportionment adopted in Columbiana County pursuant to H.B. 329 null and void, and (4) compel respondents to apportion and distribute the 2003 ULGF and ULGRAF in Columbiana County in accordance with the 1990 alternate method of distribution under former R.C. 5747.53 and 5747.63.  Relators assert that H.B. 329 is unconstitutional because it deprives taxpayers of the equal protection of the laws, impairs the obligation of contracts, violates prohibitions against retroactive laws, and does not operate uniformly throughout the state.  Relators also requested that this matter be disposed of in advance of its normal order on the docket under R.C. 2503.37 because of the fiscal crisis resulting from the reduced ULGF and ULGRAF distributions to East Liverpool for 2003.

{¶ 10}  On February 13, 2003, respondents moved to dismiss this mandamus action.  On February 24, relators filed a memorandum in opposition to respondents' dismissal motion.  This case is now before the court for its S.Ct.Prac.R. X(5) determination.

{¶ 11}  Under S.Ct.Prac.R. X(5), dismissal of the action is required " 'if it appears beyond doubt, after presuming the truth of all material factual allegations and making all reasonable inferences in favor of [relators], that [relators are] not entitled to the requested extraordinary relief in mandamus.' "  *State ex rel. Rasul–Bey v. Onunwor* (2002), 94 Ohio St.3d 119, 120, 760 N.E.2d 421,

quoting *State ex rel. Crobaugh v. White* (2001), 91 Ohio St.3d 470, 471, 746 N.E.2d 1120. On the other hand, "if, after construing the material factual allegations of the complaint * * *, it appears that [the] complaint may have merit, an alternative writ should be granted, and a schedule for the presentation of evidence and briefs should be issued." *State ex rel. C.V. Perry & Co. v. Licking Cty. Bd. of Elections* (2002), 94 Ohio St.3d 442, 444, 764 N.E.2d 411.

{¶ 12} Applying the foregoing standards to the mandamus claim here, it is evident that dismissal is appropriate for the following reasons.

{¶ 13} First, "if the allegations of a complaint for a writ of mandamus indicate that the real objects sought are a declaratory judgment and a prohibitory injunction, the complaint does not state a cause of action in mandamus and must be dismissed for want of jurisdiction." *State ex rel. Grendell v. Davidson* (1999), 86 Ohio St.3d 629, 634, 716 N.E.2d 704. In order to divine the true objects of relators' mandamus action, "we must examine [their] complaint 'to see whether it actually seeks to prevent, rather than to compel, official action.' " *State ex rel. Cunningham v. Amer Cunningham Co., L.P.A.* (2002), 94 Ohio St.3d 323, 324, 762 N.E.2d 1012, quoting *State ex rel. Stamps v. Montgomery Cty. Automatic Data Processing Bd.* (1989), 42 Ohio St.3d 164, 166, 538 N.E.2d 105.

{¶ 14} Although the allegations of relators' complaint are partially couched in terms of compelling affirmative duties, i.e., to order respondents to apportion and distribute these funds in accordance with the 1990 alternate formula, the essence of their claims involve declaratory judgment and prohibitory injunction. That is, they request (1) a declaratory judgment: a judgment declaring that H.B. 329 is inapplicable to apportionment and distribution of ULGF and ULGRAF in 2003 and a judgment declaring that H.B. 329 is unconstitutional, and (2) a prohibitory injunction: an order enjoining respondents from applying H.B. 329. Therefore, we lack jurisdiction to consider these claims.

{¶ 15} Second, "[w]here, as here, an action in mandamus does not provide effective relief unless accompanied by an ancillary [preventive] injunction, it would appear that injunction rather than mandamus is the appropriate remedy." *State ex rel. Corron v. Wisner* (1971), 25 Ohio St.2d 160, 163, 54 O.O.2d 281, 267 N.E.2d 308. For example, in *State ex rel. Walker v. Bowling Green* (1994), 69 Ohio St.3d 391, 632 N.E.2d 904, the relators requested (1) a declaration that ward boundaries for electing city council representatives were unconstitutional and that all future elections under that system were void and (2) a writ of mandamus compelling the city and its officials to reapportion the ward boundaries so that each ward contains substantially equal populations. We held that mandamus was not an appropriate remedy because it would not provide effective relief unless accompanied by an ancillary preventive or prohibitory injunction:

{¶ 16} "It is clear that were this court to find the city's apportionment plan unconstitutional, mandamus would not provide effective relief unless accompanied by an ancillary preventive or prohibitory injunction. Indeed, relators seek such injunctive relief by asking for a declaration '*that all future elections under this system are void.*' Although stated in positive language, the essence of such a request is to enjoin the city from conducting any future elections under the present apportionment system." (Emphasis added.) Id., 69 Ohio St.3d at 393, 632 N.E.2d 904.

{¶ 17} Similarly, relators here request in part that we "*declare the alternate method of apportionment* adopted and approved in Columbiana County pursuant to Sub.H.B. 329 *null and void.*" (Emphasis added.) Therefore, based on *Walker,* mandamus is not the proper remedy for relators because mandamus would not provide adequate relief absent an ancillary prohibitory injunction.

{¶ 18} Third, "[c]onstitutional challenges to legislation are generally resolved in an action in a common pleas court rather than in an extraordinary writ action filed here." *Rammage v. Saros,* 97 Ohio St.3d 430, 2002-Ohio-6669, 780 N.E.2d 278, ¶ 11. We similarly sua sponte dismissed a mandamus action challenging a newly enacted statute prohibiting certain municipalities from issuing speeding citations on interstate freeways as violative of the Uniformity Clause of the Ohio Constitution by holding that "an action for declaratory judgment is here an adequate remedy at law." *State ex rel. Linndale v. Teske* (1995), 74 Ohio St.3d 1415, 655 N.E.2d 736; see, also, *Grendell,* 86 Ohio St.3d at 634, 716 N.E.2d 704.

{¶ 19} Admittedly, some precedent might facially support relators' claim that mandamus is an appropriate remedy. See, e.g., *State ex rel. Mill Creek Metro. Park Dist. Bd. of Commrs. v. Tablack* (1999), 86 Ohio St.3d 293, 297, 714 N.E.2d 917 ("We have recognized, however, that the constitutionality of a statute or ordinance may in certain circumstances be challenged by mandamus"); *State ex rel. Zupancic v. Limbach* (1991), 58 Ohio St.3d 130, 568 N.E.2d 1206 (mandamus was appropriate remedy to require state Tax Commissioner to apportion public utility property values to taxing districts according to previously existing apportionment formula where relators alleged that statute containing currently applicable formula was unconstitutional).

{¶ 20} Relators rely heavily on *Zupancic* to support their mandamus claim. Nevertheless, contrary to *Zupancic,* if H.B. 329 is declared unconstitutional in a declaratory judgment action and a prohibitory injunction is issued against applying its provisions to apportion and distribute ULGF and ULGRAF funds, there will be no need for an extraordinary ancillary mandatory injunction ordering respondents to follow the preexisting 1990 alternate formula. In fact, before the challenged provisions were enacted, we already effectively ordered respondents to follow this alternate formula. See *E. Liverpool,* 90 Ohio St.3d at 271, 737

N.E.2d 44. Presumably, respondents would abide by the applicable law. And R.C. 2721.09 authorizes courts to grant further relief based upon a previously granted declaratory judgment "whenever necessary or proper."

{¶ 21} Moreover, at one point in their memorandum in opposition to the dismissal motion, relators specify that "no statutory void will occur if the court declares Sub.H.B. No. 329 unconstitutional because former R.C. 5747.53 and 5747.63 will be in full force and effect," indicating relators' belief that a declaratory judgment would provide them with complete, beneficial, and speedy relief. Significantly, this is not an election matter, unlike some of the cases cited by relators in support of their proposition that mandamus is available to test the constitutionality of statutory provisions.

{¶ 22} Based on the foregoing, we grant respondents' motion and dismiss the cause. Relators have an adequate remedy to challenge this new legislation by an action for declaratory judgment and prohibitory injunction. If they had acted expeditiously and had filed this action near the August 2002 effective date of the amended statutory provisions and if the action were to have proved meritorious, they would have received essentially the same relief that they request here: a declaration that the amended provisions are unconstitutional or do not otherwise apply to the apportionment and distribution of the ULGF and ULGRAF funds and an order preventing the application of the Act. Instead, they chose to wait nearly five months and file this improper action for extraordinary relief. Relators' motion to advance the case on the docket is therefore moot.

Cause dismissed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

---

John R. Varanese, for relators.

Charles L. Payne, East Liverpool City Law Director, for relator East Liverpool.

Robert L. Herron, Columbiana County Prosecuting Attorney, and Andrew A. Beech, Assistant Prosecuting Attorney, for respondents.