OPINION AND JOURNAL ENTRY
{¶ 1} On December 22, 2003, Petitioner, Randall Roberts acting pro se, filed this original mandamus action to "compel" Respondent, Judge John Nau to cease and discontinue the obligation of Roberts to erroneously pay extraordinary legal fees for his court appointed attorney. Roberts bases his petition upon the court's monthly withdrawal of monies from his personal prison account, which according to the Judge Nau's motion to dismiss, have gone towards paying attorneys fees. By challenging the propriety of Judge Nau's actions by filing an extraordinary writ, Roberts has attempted to invoke the original jurisdiction of this court.
 {¶ 2} Jurisdiction of the courts of appeals in hearing original mandamus actions is grounded in the Ohio Constitution, Article IV, Section 3 and R.C. 2731.02. Article IV, Section 3(B)(1) provides in pertinent part: "The courts of appeals shall have original jurisdiction in the following: * * * (b) Mandamus; * * *." R.C. 2731.02 provides in pertinent part: "The writ of mandamus may be allowed by the supreme court, the court of appeals, or the court of common pleas and shall be issued by the clerk of the court in which the application is made."
 {¶ 3} An action in mandamus is proper only when the party requesting the writ pleads and proves (1) that the relator has a clear legal right to the relief requested; (2) that the respondents have a clear legal duty to perform the acts requested; and, (3) that the relator suffers an injury for which there is no plain and adequate remedy in the ordinary course of law. State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28,29. If the court determines that the substance of the writ is actually an injunction, the original action must be dismissed, since this court does not have original jurisdiction in injunction. State ex rel. United Auto Aerospace AgriculturalImplement Workers of Am. v. Ohio Bur. of Workers' Comp.95 Ohio St.3d 408, 2002-Ohio-2491. See, also, State ex rel. Pressley v.Indus. Comm. (1967), 11 Ohio St.2d 141, 150, citing State exrel. Stine v. McCaw (1939), 136 Ohio St. 41, 44.
 {¶ 4} In determining the substance of the writ, a court must scrutinize pleadings in order to determine whether the pleadings in an action filed by a party requesting mandamus as a remedy are consistent with the form and the substance of the relief sought.State ex rel. Zupancic v. Limbach (1991), 58 Ohio St.3d 130,132. A writ of mandamus compels action or commands performance of a duty; a decree of injunction restrains or forbids a performance of a specific act. State ex rel. Smith v. Indus. Comm. (1942),139 Ohio St. 303, paragraph two of the syllabus. If a petition is labeled an action in mandamus but actually seeks an injunctive remedy to restrain and enjoin the respondents rather than compel respondents to perform a clear legal duty, the petition does not state a cause of action in mandamus, but states a cause of action in injunction. Pressley, 11 Ohio St.2d 141, 150, citingMcCaw, 136 Ohio St. 41, 44.
 {¶ 5} A petition must also be dismissed when the mandamus action does not provide effective relief unless accompanied by an ancillary preventive injunction. Injunction rather than mandamus is the appropriate remedy. State ex rel. Walker v. BowlingGreen (1994), 69 Ohio St.3d 391, 392. In Walker, the relators requested a writ of mandamus to compel a city and its officials to reapportion ward boundaries and to declare the current ward system unconstitutional. The court held that "were this court to find the city's apportionment plan unconstitutional, mandamus would not provide effective relief unless accompanied by an ancillary preventive or prohibitory injunction" and that "[a]lthough [relators' request for relief is] stated in positive language, the essence of such a request is to enjoin the city from conducting any future elections under the present apportionment system." Id. at 393.
 {¶ 6} In the present case, Reynolds has asked us to "compel" Judge Nau to "cease and discontinue upon relator". More specifically, Reynolds asks this court to order Judge Nau to refrain from removing any more funds from Roberts' personal prison account. In other words, Reynolds has requested this court order the termination of a certain behavior.
 {¶ 7} Accordingly, we must dismiss Reynolds' petition since it seeks injunctive relief, a remedy outside of this court's jurisdiction.
Donofrio, Vukovich and DeGenaro, JJ., concur.