OPINION and JOURNAL ENTRY
{¶ 1} On May 6, 2004, Petitioner, Randall Roberts acting pro-se, filed this original prohibition action to "prohibit" Respondent, Judge John Nau, from continuing the obligation of Roberts to erroneously pay extraordinary legal fees for his court appointed attorney. Roberts bases his petition upon the court's monthly withdrawal of any money above $10.00 from his personal prison account, which has gone towards paying attorney fees.
 {¶ 2} In the alternative Petitioner seeks injunctive relief against Respondent to "cease and discontinue" the erroneous payment of such fees.
 {¶ 3} The subject matter of this action was fully addressed in State ex rel. Roberts v. Nau, Judge, 7th Dist. 2004-Ohio-804. We stated "If the court determines that the substance of the writ is actually an injunction, the original action must be dismissed, since this court does not have original jurisdiction in injunction."
 {¶ 4} It is clearly established law that Courts of Appeals lack jurisdiction in causes of action for declaratory judgment and injunction. Wright v. Ghee (1996), 74 Ohio St.3d 465,1996-Ohio-283. See also State ex rel. Dist. 1199, Health Care Social Serv. Union, SEIU, AFL-CIO v. Gulyassy (1995),107 Ohio App.3d 729, 699 N.E.2d 487.
 {¶ 5} Prohibition will lie only if the petitioner proves (1) that the court or officer against whom the writ is sought is about to exercise judicial or quasi-judicial power; (2) that the exercise of that power is unauthorized by law; and (3) that denying a writ will result in injury for which no other adequate remedy exists in the ordinary course of law. State ex rel. Whitev. Junkin (1997), 80 Ohio St.3d 335, 686 N.E.2d 267. Prohibition is a preventative writ to forestall the exercise of judicial authority where none exists. Petitioner has not stated a claim for relief through an action in prohibition.
 {¶ 6} As stated in this Court's earlier decision, the true remedy sought by Petitioner is injunctive relief.
 {¶ 7} Petition dismissed on the basis of res judicata and since it seeks a remedy outside the scope of this Court's jurisdiction. Costs taxed against Petitioner.
 {¶ 8} Final order. Clerk to serve notice as provided by the civil rules.
Donofrio, J., concurs.
Waite, P.J., concurs.
DeGenaro, J., concurs.