[Cite as *State v. Athon*, 2012-Ohio-765.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-110236 |
| | | C-110237 |
| Plaintiff-Appellee, | : | C-110238 |
| | | C-110239 |
| vs. | : | C-110290 |
| | | TRIAL NOS. 10TRC-65767B |
| GARY ATHON, | : | 10TRC-65767C |
| | | 10TRC-65767D |
| Defendant-Appellant, | : | 10TRC-65767E |
| | | 10TRC-65767A |
| | : | |
| | : | *O P I N I O N.* |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  February 29, 2012

*John R. Curp*, City Solicitor, *Charles Rubenstein,* City Prosecutor, and *Marva Benjamin*, Assistant City Prosecutor,  for Plaintiff-Appellee,

*Graydon Head & Ritchey, LLP*, and *John C. Greiner*, and *Steven R. Adams* for Defendant-Appellant.

Please note:  This case has been removed from the accelerated calendar.

S‌YLVIA S‌IEVE H‌ENDON, **Judge.**

{¶1}    Defendant-appellant Gary Athon appeals the trial court's order compelling him to take part in discovery under Crim.R. 16.   For the following reasons, we reverse the trial court's judgment and remand this case for further proceedings.

{¶2}    At the outset, we note that the issue of whether the court's discovery order was final and appealable was disposed of on the court's motion docket.   We adhere now to our previous ruling and find that we have jurisdiction over this matter on the authority of R.C. 2505.02(B)(4).

### Facts

{¶3}    Athon was arrested by the Ohio State Highway Patrol ("OSHP") and charged with alcohol-related traffic violations.  Shortly thereafter, attorney Christopher Finney made a public records request of the OSHP and received information pertaining to Athon's arrest.  Finney provided these materials to Athon's criminal defense attorney, Steven Adams.  Athon did not request discovery from the prosecuting attorney.

{¶4}    When the state learned that Athon had received public records from the OSHP, it moved the trial court for an order compelling Athon to take part in discovery.  The state contended that the public records request was tantamount to a demand for discovery and that, therefore, under Crim.R. 16(H) Athon had a reciprocal duty of disclosure.  Following a hearing, the trial court granted the state's motion.  This appeal ensued.

{¶5} In his sole assignment of error, Athon now contends that the trial court erred in concluding that a public records request triggered Athon's reciprocal discovery duties under Crim.R. 16(H).

## Standard of Review

{¶6} A trial court's regulation of discovery matters is generally reviewed under an abuse of discretion standard. *State v. Parson,* 6 Ohio St.3d 442, 445, 453 N.E.2d 689 (1983). Athon's assignment of error, however, presents a question of law as it requires us to interpret Crim.R. 16 and R.C. 149.43, the public records law. We therefore review Athon's argument de novo without deference to the trial court's decision. *State v. Futrall,* 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497, ¶ 6; *State v. Consilio,* 114 Ohio St.3d 295, 2007-Ohio-4163, 871 N.E.2d 1167, ¶ 8.

## Crim.R. 16 and R.C. 149.43

{¶7} "[I]t is the duty of the courts to give a statute the interpretation its language calls for if this can reasonably be done.* * *." *Wachendorf v. Shaver*, 149 Ohio St. 231, 236, 78 N.E.2d 370 (1948). "Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning there is no occasion for resorting to rules of statutory interpretation. An unambiguous statute is to be applied, not interpreted." *Sears v. Weimer* 143 Ohio St. 312, 55 N.E.2d 413 (1944), paragraph five of the syllabus. The reasoning behind these holdings applies equally to the interpretation of the criminal rules of procedure. Provided the plain language of the rule is clear, we need not resort to the rules of construction.

{¶8} In pertinent part, Crim.R. 16(H) provides "[i]f the defendant serves a written demand for discovery or any other pleading seeking disclosure of evidence on the prosecuting attorney, a reciprocal duty of disclosure by the defendant arises

without further demand by the state." Thus, discovery is available to the state only if the defendant first requests it in the manner specified in Crim.R. 16(H). *See also* Crim.R.16(A)(discovery is initiated by the defendant). Here, it is undisputed that Athon never served a written demand or other pleading on the prosecuting attorney seeking discovery. So, under Crim.R. 16, Athon had no duty to supply the state with discovery.

{¶9} Nor did such a duty arise under R.C. 149.43. It is well-settled in Ohio that "[a] person may inspect and copy a 'public record,' as defined in R.C. 149.43(A), irrespective of his or her purpose for doing so." *State ex rel. Fant v. Enright*, 66 Ohio St.3d 186, 610 N.E.2d 997 (1993), syllabus; s*ee also* R.C. 149.43(B). The only limitation on who may access public records is contained in R.C. 149.43(B)(8). And that code section pertains to incarcerated persons, only. The legislature has clearly chosen not to place a public-records limitation on a defendant in a pending criminal matter, or on one who supplies a defendant with public records pertaining to the defendant's case. Nor has the legislature defined such a request as tantamount to a demand for discovery.

### *Steckman* is Distinguishable

{¶10} The state urges us to affirm the trial court on the basis of *State ex rel. Steckman v. Jackson*, 70 Ohio St.3d 420, 639 N.E.2d 83 (1994). In *Steckman*, the Ohio Supreme Court held that, in a criminal proceeding, "a defendant may only use Crim.R. 16 to obtain discovery." *Id.* at paragraph two of the syllabus. *Steckman*, however, addressed the types of materials discoverable under former Crim.R. 16. In that case, the court dealt with the state's concern that defendants were obtaining materials through public records requests that would not otherwise have been

available under former Crim.R. 16(C). *Id.* at 428-29, 639 N.E.2d 83. *Steckman* did not define how discovery was initiated or when a reciprocal duty of disclosure arose. We therefore find it distinguishable from the present case.

## Conclusion

{¶11} While we are sympathetic to the state's position, we are bound by the plain meaning of Crim.R. 16 and R.C. 149.43. We therefore hold that a public records request by a criminal defendant, or on behalf of a criminal defendant, seeking public records pertaining to his or her pending criminal case is not tantamount to a demand for discovery. Such a request does not trigger a defendant's duty of disclosure under Crim.R. 16(H).

{¶12} For the foregoing reasons, Athon's sole assignment of error is sustained. The trial court's judgment ordering Athon to take part in discovery is reversed, and this cause is remanded for further proceedings.

Judgment reversed and cause remanded.

HILDEBRANDT, P.J. and SUNDERMANN J., concur.

Please note:
    The court has recorded its own entry on the date of the release of this opinion.