Kennedy, J.,
dissenting.
{¶ 23} Respectfully, I dissent. I would affirm the judgment of the court of appeals, which held that “the plain meaning” of Crim.R. 16 and R.C. 149.43 supports the defense claim that a public-records request is not a demand for discovery. 2012-Ohio-765, 2012 WL 642341, ¶ 11. Neither Crim.R. 16(A) nor State ex rel. Steckman v. Jackson, 70 Ohio St.3d 420, 639 N.E.2d 83 (1994), compels the result that the majority embraces in this case. See Athon at ¶ 10. Indeed, the plain language of Crim.R. 16(A) contradicts it. Consequently, I would affirm the judgment of the court of appeals.
{¶ 24} Crim.R. 16(A) reads as follows:
(A) Purpose, Scope and Reciprocity. This rule is to provide all parties in a criminal case with the information necessary for a full and fair adjudication of the facts, to protect the integrity of the justice system and the rights of defendants, and to protect the well-being of witnesses, victims, and society at large. All duties and remedies are subject to a standard of due diligence, apply to the defense and the prosecution equally, and are intended to be reciprocal. Once discovery is initiated by demand of the defendant, all parties have a continuing duty to supplement their disclosures.
(Emphasis added.)
{¶ 25} Crim.R. 16(A) contains much aspirational language but only one requirement. That requirement — that all parties supplement their discovery disclosures — is not triggered until the defense makes a demand for discovery. Nothing in the rule supports the majority’s holding that a “public records request [direct or indirect] is the equivalent of a [defendant’s] demand for discovery, and a reciprocal duty of disclosure arises in accordance with Crim.R. 16.” Majority opinion at paragraph three of the syllabus.
{¶ 26} Our holdings in Steckman, 70 Ohio St.3d 420, 639 N.E.2d 83, paragraph five of the syllabus, and State ex rel. Rasul-Bey v. Onunwor, 94 Ohio St.3d 119, 120-121, 760 N.E.2d 421 (2002), are undermined by the rule change the court effectively makes today. Those cases clearly entitle defendants to public records without their undertaking any obligations pursuant to the Rules of Criminal Procedure. While I am sympathetic to the concerns of the state, I believe that any amendments to Crim.R. 16(A) should be made through our rule-making *50 authority under Article IV, Section 5(B) of the Ohio Constitution. With today’s holding, the court is bypassing its Commission on the Rules of Practice and Procedure, which engages in extensive committee work. The court then seeks public comment before amending its most important rules.
John P. Curp, Cincinnati City Solicitor, Marva K. Benjamin, Senior Assistant Prosecuting Attorney, and Charles A. Rubenstein, Assistant Prosecuting Attorney, for appellant.
The Law Office of Steven R. Adams, Steven R. Adams, and Marguerite Slagle, for appellee.
Sirkin Kinsley Co., L.P.A., Jennifer M. Kinsley, and H. Louis Sirkin, urging affirmance on behalf of amicus curiae Ohio Justice and Policy Center.
The Law Firm of Curt C. Hartman and Curt C. Hartman; Finney, Stagnaro, Saba & Patterson Co., L.P.A., and Christopher P. Finney, urging affirmance on behalf of amicus curiae Mark W. Miller.
Timothy Young, Ohio Public Defender, and Francisco E. Luttecke, Assistant Public Defender, urging affirmance on behalf of amicus curiae Office of the Ohio Public Defender.
Michele L. Berry, on behalf of amicus curiae the Innocence Network.
{¶ 27} The decision of the majority may lead to unintended consequences. As Justice O’Donnell emphasized in a civil case, “This is a matter better left to the Commission on the Rules of Practice and Procedure for drafting changes to the Civil Rules and should not be resolved by case authority, which will serve only to frustrate the task of trial judges in resolving cases in accordance with Civ.R. 56.” Byrd v. Smith, 110 Ohio St.3d 24, 2006-Ohio-3455, 850 N.E.2d 47, ¶ 37 (O’Donnell, J., dissenting).
{¶ 28} I encourage the Commission on the Rules of Practice and Procedure to review the effects of Crim.R. 16(A) and recommend necessary changes to it after careful study, and this court should amend the rule, if necessary, after public comment. But to respect our rule-making procedure and follow our precedent, I would affirm the judgment of the court of appeals.
Pfeifer and O’Neill, JJ., concur in the foregoing opinion.