[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 442.]

THE STATE EX REL. C.V. PERRY & CO. *v.* LICKING COUNTY BOARD OF

ELECTIONS ET AL.

[Cite as *State ex rel. C.V. Perry & Co. v. Licking Cty. Bd. of Elections*,

2002-Ohio-1369.]

*Elections—Prohibition—Writ sought to prevent Licking County Board of Elections,*

*its chairman, and its members from submitting Etna Township Resolution*

*01-12-03-03 involving rezoning to a referendum at the May 7, 2002*

*election—Complaint dismissed, when.*

(No. 02-209—Submitted February 26, 2002—Decided March 1, 2002.)

IN PROHIBITION.

————————————

*Per Curiam.*

{¶ 1} In 1999 and 2000, relator, C.V. Perry & Co. ("Perry"), contracted to purchase two adjoining parcels of land in Etna Township, Licking County, Ohio. The property was zoned agricultural. In December 2000, Perry applied to change the zoning classification of the property from agricultural to planned unit development so that it could build single-family residences and residential condominiums on the property. In response to concerns raised by neighboring residents of the proposed development, Perry removed the proposed condominiums from the development plan. Perry filed its final development plan, which was dated September 11, 2001.

{¶ 2} On November 14, 2001, the Etna Township Zoning Commission recommended to the Etna Board of Township Trustees that Perry's application to rezone the property to planned unit development for the final development plan be approved. On December 3, 2001, the board of township trustees enacted Resolution

01-12-03-03, which adopted the zoning commission's recommendation and provided:

"To accept the recommendation of the Etna Township Zoning Commission to rezone the Frontier Ranch property at National Road and York Road from AG to PUD, Final Development Plan dated September 11, 2001 and to send a letter of support to the Licking County Planning Commission for a gate at Daisy Drive or to not have a stub street to Daisy Drive."

{¶ 3} In late December 2001, a petition to have a referendum on the resolution at the May 7, 2002 election was filed with the board of township trustees. The summary of Resolution 01-12-03-03 on the petition provided:

"To rezone a parcel of land commonly referred to as the Frontier Ranch property, which contains approximately 170.46 acres, more or less, located at National Road (U.S. Route 40) and York Road, from AG to PUD, as shown on the attached map.

"The proposed amendment was adopted by the Etna Township Trustees on December 3, 2001 as Resolution 01-12-03-03."

{¶ 4} On January 4, 2002, Perry filed a protest with respondent Licking County Board of Elections against the referendum petition. Perry amended the protest on January 15 and 28. On January 28, 2002, respondents, the board of elections, its chairman, and its members, held a hearing on Perry's protest at which testimonial and documentary evidence was presented. At the conclusion of the hearing, respondents denied the protest and certified the referendum issue for the May 7, 2002 ballot.

{¶ 5} On February 4, Perry filed this action for a writ of prohibition to prevent respondents from submitting the referendum issue to the township electors. On February 8, Perry filed a motion to treat this action as an expedited election matter pursuant to S.Ct.Prac.R. X(9). On February 21, respondents filed an answer.

2

This cause is now before the court for our S.Ct.Prac.R. X(5) determination, as well as our consideration of Perry's motion for expedited consideration.

## Motion to Expedite

{¶ 6} Perry requests that this case be treated as an expedited election matter under S.Ct.Prac.R. X(9). S.Ct.Prac.R. X(9) provides an expedited evidence and briefing schedule when an original action relating to a pending election is filed within ninety days prior to the election. Because Perry's prohibition action was filed ninety-two days before the May 7, 2002 election, it is not an expedited election matter under S.Ct.Prac.R. X(9).

{¶ 7} Nevertheless, Perry requests that we treat this case as an expedited election matter under S.Ct.Prac.R. X(9) because "[e]xpediting the case will be in the interests of the parties and prevent any interference with the election schedule."

{¶ 8} We grant Perry's request but only to the extent that we expedite our S.Ct.Prac.R. X(5) determination, *i.e.*, following a response by respondents, which has now been filed. "We have consistently required relators in election cases to act with the utmost diligence." *State ex rel. Carberry v. Ashtabula* (2001), 93 Ohio St.3d 522, 523, 757 N.E.2d 307. Given the required diligence in election cases, expediting our S.Ct.Prac.R. X(5) determination will be beneficial to township electors here.

## S.Ct.Prac.R. X(5) Determination

{¶ 9} Under S.Ct.Prac.R. X(5), we must determine whether dismissal, an alternative writ, or a peremptory writ is appropriate. Dismissal is warranted if it appears beyond doubt, after presuming the truth of all material factual allegations and making all reasonable inferences in favor of Perry, that Perry is not entitled to the requested extraordinary relief in prohibition. *State ex rel. Rasul-Bey v. Onunwor* (2002), 94 Ohio St.3d 119, 120, 760 N.E.2d 421. On the other hand, if, after construing the material factual allegations of the complaint most strongly in Perry's favor, it appears that his complaint may have merit, an alternative writ

should be granted, and a schedule for the presentation of evidence and briefs should be issued. *State ex rel. DeBrosse v. Cool* (1999), 87 Ohio St.3d 1, 3, 716 N.E.2d 1114.

{¶ 10} In order to be entitled to a writ of prohibition, Perry must establish that (1) the board of elections is about to exercise quasi-judicial power, (2) the exercise of that power is unauthorized by law, and (3) denial of the writ will cause injury for which no other adequate remedy in the ordinary course of law exists. *State ex rel. Newell v. Tuscarawas Cty. Bd. of Elections* (2001), 93 Ohio St.3d 592, 594, 757 N.E.2d 1135. The dispositive issue here is whether Perry established that the board's exercise of quasi-judicial authority in denying the protest was unauthorized by law.

{¶ 11} In determining whether Perry established this requirement, the applicable standard is whether the board engaged in fraud or corruption, abused its discretion, or acted in clear disregard of applicable legal provisions in denying Perry's protest. *State ex rel. Phillips v. Lorain Cty. Bd. of Elections* (2001), 93 Ohio St.3d 535, 538, 757 N.E.2d 319. Perry asserts that the board of elections abused its discretion and clearly disregarded R.C. 519.12(H) by denying its protest. For the reasons that follow, the board neither abused its discretion nor clearly disregarded R.C. 519.12(H) in denying Perry's protest, and we deny the requested extraordinary relief in prohibition.

R.C. 519.12(H): Brief Summary Requirement

{¶ 12} R.C. 519.12(H) provides that a petition requesting a referendum on a township zoning amendment resolution contain a brief summary of the contents of the resolution:

"Such [zoning] amendment adopted by the board [of township trustees] shall become effective in thirty days after the date of such adoption, unless, within thirty days after the adoption of the amendment, there is presented to the board of township trustees a petition * * * requesting the board of township trustees to

submit the amendment to the electors of such area for approval or rejection at a special election to be held on the day of the next primary or general election. *Each part of this petition shall contain the number and the full and correct title, if any, of the zoning amendment resolution, motion, or application, furnishing the name by which the amendment is known and a brief summary of its contents*." (Emphasis added.)

{¶ 13} The R.C. 519.12(H) "brief summary of its contents" requirement refers to the zoning resolution, motion, or application passed or approved by the board of township trustees. *State ex rel. O'Beirne v. Geauga Cty. Bd. of Elections* (1997), 80 Ohio St.3d 176, 179, 685 N.E.2d 502. A valid zoning referendum petition summary must be accurate and unambiguous; therefore, " '[i]f the summary is misleading, inaccurate, or contains material omissions [that] would confuse the average person, the petition is invalid and may not form the basis for submission to a vote.' " *State ex rel. Hamilton v. Clinton Cty. Bd. of Elections* (1993), 67 Ohio St.3d 556, 559, 621 N.E.2d 391, quoting *Shelly & Sands, Inc. v. Franklin Cty. Bd. of Elections* (1984), 12 Ohio St.3d 140, 141, 12 OBR 180, 465 N.E.2d 883, both construing the analogous R.C. 303.12(H) summary requirement for referenda on county zoning resolutions; *O'Beirne*, 80 Ohio St.3d at 179, 685 N.E.2d 502 (township zoning resolution).

{¶ 14} Perry asserts that the referendum petition summary of Resolution 01-12-03-03 does not comply with R.C. 519.12(H) because "it failed to include any reference to the zoning change being for Relator's development plan dated September 11, 2001 or for any specific development plan, failed to include any statement that the zoning change was for single family residences, and failed to describe the proposed change in zoning classifications as being from 'Agricultural' to 'Planned Unit Development.' " According to Perry, the summary thus failed to inform signers of the precise nature of the zoning change, contained material

5

omissions, and was ambiguous, all of which could confuse the average person signing the petition.

{¶ 15} Regarding Perry's challenge of the referendum petition's failure to include a statement that the zoning change was for single-family residences and to specify the meaning of the zoning classifications "AG" and "PUD," the petition summary contained the same information as the resolution it summarized. In other words, Resolution 01-12-03-03 does not include a statement that the zoning change is for single-family residences, nor does it explain that "AG" means agricultural or that "PUD" means planned unit development.

{¶ 16} In this regard, the summary is an accurate reflection of the language contained in the resolution that is the subject of the referendum petition. Inclusion of this text of the resolution satisfies the "brief summary" requirement of R.C. 519.12(H). See, generally, *O'Beirne*, 80 Ohio St.3d at 180, 685 N.E.2d 502 ("Inclusion of the full text of the amendment of the ordinance generally satisfies the 'brief summary' requirement of R.C. 519.12[H]"); *Christy v. Summit Cty. Bd. of Elections* (1996), 77 Ohio St.3d 35, 39, 671 N.E.2d 1. We will not penalize the township electors' attempt to exercise their right of referendum for summarizing the resolution with substantially the same wording as the resolution itself.

{¶ 17} Similarly, the summary's omission of any reference to the final development plan was not so material as to mislead or confuse the average person. The summary informs electors of the precise nature of the zoning change, *i.e.*, from the "AG" classification to the "PUD" classification. As emphasized by the appellate court in *Rose v. Montgomery Cty. Bd. of Elections* (Sept. 22, 1995), Montgomery App. No. 15358, unreported, 1995 WL 558820:

"R.C. 519.12 requires a 'brief summary' of the contents of the zoning amendment. Both the adjective 'brief' and the noun 'summary' connote brevity rather than comprehensiveness."

{¶ 18} Based on the foregoing, while the language suggested by Perry's claims may have constituted an improvement over the language used by the referendum petitioners, the summary is not misleading or inaccurate and does not contain material omissions that would confuse the average person. Therefore, the board did not abuse its broad discretion in denying Perry's protest. This result comports with our duty to liberally construe referendum provisions in order to permit the exercise of the power and to promote rather than prevent or obstruct the object sought to be attained. See, *e.g., Stutzman v. Madison Cty. Bd. of Elections* (2001), 93 Ohio St.3d 511, 514, 757 N.E.2d 297. Accordingly, we dismiss the cause.

*Cause dismissed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*Donald J. McTigue*, for relator.

*Robert L. Becker*, Licking County Prosecuting Attorney, and *Brent W. Shenk*, Assistant Prosecuting Attorney, for respondents.

_____