OPINION
{¶ 1} Charles Kleptz, who represents a group petitioning the Miami County Board of Commissioners for the annexation of certain property to the Village of West Milton, is appealing the judgment of the Miami County Common Pleas Court which granted summary judgment to the Defendants-Appellees, who circulated a petition for a referendum vote on the ordinance accepting the requested annexation.
 {¶ 2} The trial court reiterated the facts as follows:
 {¶ 3} "In October of 2000 the Plaintiff and others petitioned the Board of County Commissioners for annexation of 349.399 acres of real estate to the Village of West Milton.
 {¶ 4} "In April of 2001 the Board of Commissioners adopted a resolution approving the annexation.
 {¶ 5} "On August 14, 2001, the Village of West Milton adopted an ordinance accepting the requested annexation.
 {¶ 6} "On August 24, 2001, there was presented to Kimberle Luhn, at the Village Manager's Office, a certified copy of the annexation ordinance along with notice of an intent to circulate a referendum petition.
 {¶ 7} "On September 11, 2001, the completed petition was filed with the Village Clerk who forwarded the same to the County Board of Elections.
 {¶ 8} "On September 28, 2001, the Board of Elections certified sufficient signatures existed and returned the same to the Village Clerk.
 {¶ 9} "This action has precluded any further development in the matter."
 {¶ 10} Mr. Kleptz filed a motion with the Miami County Common Pleas Court seeking an injunction and declaratory judgment against Defendants-Appellees claiming that the referendum petition was invalid. Both the Plaintiff-Appellants and the Defendant-Appellees filed motions for summary judgment. The trial court denied Mr. Kleptz's motion and granted the motion of the Defendant-Appellees. Mr. Kleptz is appealing this judgment.
 {¶ 11} Mr. Kleptz raises the following assignment of error.
 {¶ 12} "The trial court erred in holding that defendants have complied with the requirements of O.R.C. Section 731.32."
 {¶ 13} The trial court, Judge Robert Lindeman, conducted the following analysis:
 {¶ 14} "Section 731.32 of the Ohio Revised Code states in part:
 {¶ 15} "`Whoever seeks to propose an ordinance or measure in a municipal corporation by initiative petition or files a referendum petition against any ordinance or measure shall, before circulating such petition, file a certified copy of the proposed ordinance or measure with the city auditor or the village clerk.'
 {¶ 16} "The purpose of Section 731.32 of the Revised Code has been explained as follows:
 {¶ 17} "` * * * citizens asked to sign such petitions may determine, on inspection, whether the petitions circulated are bona fide and, in the case of duplicating importunities which, of either, is the true measure. It also enables the auditor (clerk) as between many separate part petitions filed, to determine which ones (or all) truly and fairly presented the question to the signatory electors.' St. ex rel.Winters v. Applegate (1963), 30 O.O.2d 45 at 46.
 {¶ 18} "Thus the reason is twofold: (1) to allow citizens who are asked to sign the referendum petition to examine an authentic copy of the ordinance before they sign; and (2) to permit the clerk to determine from multiple part petitions submitted that all the electors had an opportunity to understand what they were signing.
 {¶ 19} "In the present case, the crux of the dispute is whether there was compliance with R.C. 731.32.
 {¶ 20} "Kimberle Luhn is the Manager's Secretary/Receptionist for the Village of West Milton.
 {¶ 21} "In her capacity, she receives papers and filings from citizens on behalf of all village officials, including the Village Clerk, per Municipal Manager's affidavit.
 {¶ 22} "Linda L. Cantrell is the Village Clerk. The Village Clerk's position is part-time. In fact, Mrs. Cantrell is only at the Municipal Building two times per month, in the evening, approximately fifteen to thirty minutes before the bi-monthly meeting (Cantrell dep., pg. 9).
 {¶ 23} "Mrs. Cantrell has no employees as clerk and she shares an office with the mayor in which her file cabinets are kept. (Apparently she doesn't even have a desk.)
 {¶ 24} "Mrs. Cantrell acknowledged that Ms. Luhn has authority to accept documents on her behalf (Cantrell dep., pg. 7).
 {¶ 25} "Mrs. Cantrell indicated she (probably) would have first seen the referendum papers when she appeared for the next council meeting on August 28, 2001.
 {¶ 26} "Both counsel have noted that the Supreme Court of Ohio has held that compliance with R.C. 731.32 is mandatory. State ex rel. Mikav. Lemon (1959), 170 Ohio St. 1.
 {¶ 27} "Although compliance with R.C. 731.32 is mandatory, the Court's construction of the referendum statutes is liberal, State exrel. C.V. Perry Co. v. Licking Cty. Bd. of Elections (2002),94 Ohio St.3d 442, [2002-Ohio-1369] and should be accomplished `to permit the exercise of the power and to promote rather than prevent or obstruct the object sought to be attained.' Perry at 446, citing Stutzman v.Madison Cty. Bd. of Elections (2001), 93 Ohio St.3d 511, 514.
 {¶ 28} "Thus, the application of case law construing R.C. 731.32
involves a curious blend of strict compliance and liberal construction.
 {¶ 29} "The statute makes it mandatory that the filing occur with the Village Clerk before the petition is circulated. But a liberal construction of the statute would permit the clerk to allow others to accept such filings in his/her absence.
 {¶ 30} "Especially under the facts of the present case, when the Clerk maintains no daytime office hours, has no employees and only appears in the Municipal Building twice per month, fifteen to thirty minutes before the council meeting.
 {¶ 31} "To construe the statute in this case more strictly would elevate form over substance to the detriment of the people's constitutional right to referendum, as permitted in Article II, Section 1
of the Ohio Constitution.
 {¶ 32} "It is also noted that when Ms. Luhn accepted filings on behalf of Mrs. Cantrell, she stamped the papers with the Municipal Manager's stamp.
 {¶ 33} "This was done as Mrs. Cantrell explained because she (as clerk) does not have a stamp of her own; and Ms. Luhn stamped the papers according to the way she (Ms. Luhn) stamps things she receives for the Clerk (Cantrell dep., pg. 12), from which the Court concludes the custom is that everything that comes into the village is stamped with the Municipal Manager's stamp.
 {¶ 34} "Upon the material submitted, the Court concludes the requirements of R.C. 731.32 were met and the referendum issue must be submitted to the electors of the Village of West Milton."
 {¶ 35} We find the trial court's opinion to be well reasoned and adopt it as our own. Appellant's assignment of error is without merit and is overruled.
 {¶ 36} The judgment of the trial court is affirmed.
FAIN, P.J. and WOLFF, J., concur.