OPINION
{¶ 1} The above cause is before the court pursuant to a petition filed by relators, Daniel DiCarlo, et al.,[1] seeking a writ of prohibition, mandamus and injunctive against respondent, Clermont
 County Board of Elections. {¶ 2} Relators are the owners of approximately 115 acres of real property located on Lucy Run Road between Apple Road and State Route 132, 2,000 feet south of Judd Road and north of Chapel Road in Batavia Township, Clermont County, Ohio. Relators Daniel DiCarlo and Shawna DiCarlo reside at 442 Lucy Run Road.
 {¶ 3} On March 11, 2003, the Batavia Township Zoning Commission held a public hearing to consider relators' request for approval of a zoning amendment changing the zoning of 89.4 acres of the DiCarlo property from "A" Agricultural District to PUD (Planned Unit Development). After the public hearing, the zoning commission unanimously recommended approval of the requested rezoning subject to twelve specific conditions.
 {¶ 4} On July 15, 2003, the Batavia Township Board of Trustees met to reconsider relators' zoning request. After a public hearing, the board of trustees voted unanimously to accept the Batavia Township Zoning Commission's recommendation, including the twelve conditions of approval.
 {¶ 5} On August 14, 2003, a referendum petition was presented to Batavia Township requesting that the Batavia Township Board of Trustees submit relators' zoning amendment for approval or rejection "at a special election to be held on the day of the next primary or general election to be held on November 4, 2003, pursuant to Section 519.12 of the Ohio Revised Code." Batavia Township accepted the petition and on August 15, 2003 forwarded the petition to respondent for certification. At an August 20, 2003 meeting, respondent certified the validity and sufficiency of the petition and placed it on the ballot for the November 4, 2003 general election.
 {¶ 6} On August 29, 2003, counsel for relators objected to the certification of the petition and requested that a protest hearing be held pursuant to R.C. 3501.39(B). On September 10, 2003, respondent held a protest hearing and voted 3-0 to deny the protest, leaving the proposed question of the rezoning on the ballot for the November 4, 2003 general election.
 {¶ 7} On September 10, 2003, relators filed the subject petition for writ of prohibition, mandamus and injunctive relief seeking to prevent the proposed zoning amendment from appearing on the November 4, 2003 ballot.
 {¶ 8} Relators present three arguments in support of their petition. First, relators contend that the referendum petition is invalid because it was not accompanied by an appropriate map. Second, relators contend that the petition is invalid because it fails to contain an appropriate brief summary of contents as required by R.C. 519.12. Finally, relators argue that respondent invalidly certified the petition because one board of elections member improperly failed to recuse herself from the vote.
 {¶ 9} A writ of prohibition will issue where (1) the court or officer against whom the writ is sought is about to exercise judicial or quasi-judicial power; (2) the exercise of such power is unauthorized by law; and (3) refusal of the writ will cause injury for which no adequate remedy exists in the ordinary course of law. State ex rel. BrookparkEntertainment, Inc. v. Cuyahoga County Bd. of Elections (1991),60 Ohio St.3d 44.
 {¶ 10} The act of denying a protest and deciding to place an issue on the ballot is a quasi-judicial activity by the board of elections.State ex rel. Hills Communities, Inc. v. Bd. of Elections of ClermontCty. Ohio (Oct. 19, 2000), Clermont App. No. CA2000-09-072. Where a board of elections certifies a matter to the ballot in violation of applicable legal provisions, a writ of prohibition will issue. State ex rel.Evergreen Co. v. Bd. of Elections of Franklin Cty. (1976),48 Ohio St.2d 29.
 {¶ 11} When determining whether a board of elections has taken an improper action, the applicable standard is whether the board engaged in fraud or corruption, abuse of discretion, or acted in clear disregard of applicable legal provisions in denying the protest. State ex rel. C.V.Perry Co. v. Licking Cty. Bd. of Elections, 94 Ohio St.3d 442,2002-Ohio-1369.
 {¶ 12} With respect to the issue of the sufficiency of the map, R.C. 519.12 requires that a "map" be included with a proposed amendment to a zoning resolution. Relators contend that the document submitted with the resolution is not a map but a "land use plan," and therefore insufficient. A review of the document reveals that it is a diagram which shows proposed lot divisions, and identifies at least one road adjoining the proposed subdivision, that being Apple Road. We note that R.C. 519.12
does not contain any specific requirements pertaining to the map that must be included with a proposed zoning amendment. Finding the document submitted sufficient to satisfy the "map" requirement of R.C. 519.12 does not appear to be an abuse of discretion.
 {¶ 13} With respect to the "brief summary" requirement, relators argue that the summary that appears on the petition is misleading because it does not contain certain information. For example, relators contend that the summary fails to precisely describe the location of the property to be rezoned, and that the summary fails to accurately detail the proposed zoning change because it fails to describe how the property can be used under existing zoning, and omits reference to the twelve conditions of approval imposed by the zoning commission. Relators also contend that the summary fails to contain the name by which the zoning amendment is known.
 {¶ 14} Respondent counters by arguing that the property was sufficiently identified on the petition as "Batavia Township Zoning Case B-02-03Z, and that the summary also identifies "Woodbury Glen, LLC" as the applicant. The summary does identify the property as "89.40 *** acres of property owned by Daniel DiCarlo and Shawna DiCarlo." The summary identifies the property involved in the application as "442 Lucy Run Road, *** located between Apple Road and St. Rt. 132 north of Chapel Road in Batavia Township." Although 442 Lucy Run Road is the DiCarlos' residence, property not included in the rezoning, the summary does contain additional description. The twelve conditions imposed by the zoning commission are not mentioned, but are not essential to the summary in this case. Respondent could have found that the summary was not misleading, inaccurate, or confusing to the average person. See State exrel. C.V. Perry Co.
 {¶ 15} We now come to the issue of whether Priscilla O'Donnell, Chairwoman of the Clermont County Board of Elections, should have recused herself from the vote on the objection to certification. O'Donnell, according to the stipulated facts, lives in a subdivision adjacent to the DiCarlo property, and signed the referendum petition.
 {¶ 16} The record does not contain any conclusive evidence or authority indicating that O'Donnell should have recused herself from the proceedings. Further, the vote in favor of denying the objection was 3-0 in favor of denial. There are four members of the Clermont County Board of Elections and one member recused, leaving three remaining voting members. Therefore, even if O'Donnell had recused, respondent would have voted 2-0 to deny the objection. This would have been a sufficient majority, because where a member of a legislative body is disqualified due to interest, the disqualification is treated as a vacancy as the member is not qualified to act. Gitlin v. Berrea (Feb. 15, 1990), Cuyahoga App. No. 58062. When an office is treated as vacant, the number of members is reduced accordingly. Id.
 {¶ 17} Based upon the all of the foregoing, the court concludes that relators are not entitled to a writ of prohibition or writ of mandamus. The petition is accordingly denied.
VALEN, P.J., and YOUNG, J., concur.
[1] The additional relators are Shawna DiCarlo and Woodbury Glen, LLC.