[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Hicks v. Adams Cty. Bd. of Elections*, Slip Opinion No. 2025-Ohio-4582.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-4582

THE STATE EX REL. HICKS *v.* ADAMS COUNTY BOARD OF ELECTIONS.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Hicks v. Adams Cty. Bd. of Elections*, Slip Opinion No. 2025-Ohio-4582.]

*Elections—Mandamus—Writ sought to order board of elections to cancel voter registration of county prosecutor based on challenge to prosecutor's county of residence—Board's records did not demonstrate that relator had clear entitlement to outright cancellation of prosecutor's voter registration, and relator's generic request in complaint for "any other relief" was not sufficient to request alternative mandamus relief of ordering board to hold a hearing under R.C. 3503.24(B)—Writ denied.*

(No. 2025-1105—Submitted September 24, 2025—Decided October 2, 2025.)

IN MANDAMUS.

_____

The per curiam opinion below was joined by FISCHER, Acting C.J., and ZMUDA, LUCCI, BRUNNER, WAITE, MILLER, and SHANAHAN, JJ. GENE A. ZMUDA,

J., of the Sixth District Court of Appeals, sat for KENNEDY, C.J. EUGENE A. LUCCI, J., of the Eleventh District Court of Appeals, sat for DEWINE, J. CHERYL L. WAITE, J., of the Seventh District Court of Appeals, sat for DETERS, J. MARK C. MILLER, J., of the Third District Court of Appeals, sat for HAWKINS, J.

**Per Curiam.**

{¶ 1} Relator, Christopher R. Hicks, contends that the Adams County prosecuting attorney, Aaron Evans Haslam, is not a bona fide resident of Adams County. Respondent, Adams County Board of Elections ("the board"), unanimously denied Hicks's challenge to Haslam's right to vote based solely on a review of board records. Hicks filed this original action for a writ of mandamus ordering the board to cancel Haslam's voter registration. Also pending before this court are the board's motion for leave to file amended evidence and Hicks's motion for leave to file rebuttal evidence.

{¶ 2} We grant the board's motion for leave to file amended evidence, grant in part Hicks's motion for leave to file rebuttal evidence, and deny the writ.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Hicks Challenges Haslam's Voter Registration

{¶ 3} In July 2023, the Adams County Republican Party Central Committee appointed Haslam to the office of Adams County Prosecuting Attorney to serve the remaining term vacated by C. David Kelley, who retired.[1] The central committee's certificate of appointment and Haslam's statement of acceptance stated that Haslam was a qualified elector residing at an apartment with an address in West Union, Ohio. According to board records, Haslam registered to vote at that address on

---

1. Because Kelley was a member of the Republican party and elected as a partisan candidate, the Adams County Republican Party Central Committee was authorized to appoint a person to fill the vacancy caused by Kelley's retirement. *See* R.C. 305.02(B)(1).

May 15, 2023. Haslam was later elected to a full term as county prosecutor at the November 2024 general election.

{¶ 4} On August 11, 2025, Hicks filed with the board a challenge to Haslam's right to vote under R.C. 3503.24. Hicks alleged that Haslam does not reside in West Union, but instead resides at an address in Cincinnati, Hamilton County. According to Hicks, the residence at which Haslam claims to live in West Union is an "efficiency apartment" unit in a two-unit building that contains a combined total of 1,728 square feet of living space. In contrast, Hicks alleges that Haslam's wife and children live in a home in Cincinnati that has over 4,000 square feet of living space and is appraised at nearly $1.3 million. Juxtaposing the modest apartment building in West Union with the house in Cincinnati, Hicks asserts that it is "unambiguous, on its face, which is the permanent, fixed, residence of Mr. Haslam and his family."

{¶ 5} Hicks's challenge disclosed other evidence that, according to him, indicates that Haslam's true residence is in Hamilton County. Hicks submitted photographs of two automobiles registered to Haslam, at least one of which had a license plate with a Hamilton County sticker. Hicks also alleged that Haslam's wife is registered to vote in Hamilton County under the address of the Cincinnati home and that Haslam's children "seem to attend school in Hamilton County." Hicks further noted that Haslam's most recent filing with the Ohio Ethics Commission disclosed that (1) his wife and children resided in his household, (2) he has business interests in Hamilton County, and (3) he has board memberships in Hamilton County organizations. Hicks also obtained water bills and water-usage records for the West Union apartment that Haslam claimed to be his residence. According to Hicks, the water-usage records indicate that Haslam and his family do not live in the apartment.

{¶ 6} Hicks's challenge also cited the minutes from a June 30, 2023 meeting of the Board of Adams County Commissioners. At that meeting, the

commissioners approved Haslam's appointment as acting prosecutor by a two-to-one vote, with the dissenting commissioner expressing her belief that Haslam did not reside at his claimed address in West Union and that the last time he had lived in Adams County was in 2011.

{¶ 7} Hicks believed that the board did not maintain records itself that would be sufficient to sustain his challenge. His challenge therefore demanded that the board hold a hearing within ten days. For that hearing, Hicks requested that the board subpoena several witnesses, including Haslam's wife and minor children.

{¶ 8} On the same day that Hicks filed his challenge, the board held a regular meeting. At the meeting, the board considered Hicks's challenge and unanimously denied it, based solely on a review of its records.

### B. Hicks Challenges Voter Registration of Haslam's Wife

{¶ 9} After the board denied the challenge to Haslam's right to vote in Adams County, Hicks challenged the right of Haslam's wife, Christine Barrett Haslam, to vote in Hamilton County. Mrs. Haslam is registered to vote at the address in Cincinnati where Hicks asserts that the Haslam family really lives. Hicks used the board's denial of his challenge to Haslam's registration as the basis of his challenge to Mrs. Haslam's registration. The Hamilton County Board of Elections voted three to zero (with one member not present) to deny Hicks's challenge to Mrs. Haslam's registration.

### C. Hicks Files this Action as an Expedited Election Case

{¶ 10} After losing both challenges, Hicks filed this action on August 26 as an expedited election case under S.Ct.Prac.R. 12.08. In his complaint, Hicks seeks a writ of mandamus ordering the board to cancel Haslam's voter registration before the November 4, 2025 general election.

{¶ 11} The board filed a timely answer to the complaint, and the parties filed evidence and merit briefs in accordance with the schedule for expedited

4

election cases under S.Ct.Prac.R. 12.08.[2]  The board filed a motion for leave to file amended evidence, to which Hicks did not respond.  And Hicks filed a motion for leave to file rebuttal evidence, to which the board did not respond.

## II.  ANALYSIS

### A.  The Board's Motion for Leave to File Amended Evidence

**{¶ 12}** One day after the board timely filed its evidence under the expedited schedule in S.Ct.Prac.R. 12.08, the board filed a motion for leave to file amended evidence.  The board seeks to correct its earlier filing by including a certificate of service, which the board says was inadvertently not signed in its initial filing.  The board attached to the motion its amended evidence, in compliance with S.Ct.Prac.R. 3.13(B)(3).  We grant the board's unopposed motion.

### B.  Hicks's Motion for Leave to File Rebuttal Evidence

**{¶ 13}** Hicks filed a timely motion for leave to submit rebuttal evidence under S.Ct.Prac.R. 12.08(A)(2)(d).  Hicks asks for leave to file seven exhibits attached to his motion, as well as his authenticating affidavit, in response to assertions in the board's merit brief.  We grant the motion in part and deny it in part.

**{¶ 14}** Rebuttal evidence "is that given to explain, refute, or disprove new facts introduced into evidence by the adverse party; it becomes relevant only to challenge the evidence offered by the opponent, and its scope is limited by such evidence."  *State v. McNeill*, 1998-Ohio-293, ¶ 44.  We have discretion in

---

2. The board argues that this action does not qualify as an expedited election case under S.Ct.Prac.R. 12.08, because Haslam is not a candidate on the November 4, 2025 general-election ballot.  We need not reach this issue.  The parties have submitted evidence and merit briefs according to the expedited schedule in S.Ct.Prac.R. 12.08, and no party has asked this court to proceed on a nonexpedited basis.  To the contrary, the board simply asks us to "clarify [the] issue" of what types of cases qualify as expedited election cases.  We decline the board's invitation to issue an advisory opinion.  *See State ex rel. Barletta v. Fersch*, 2003-Ohio-3629, ¶ 22 ("We have consistently held that we will not issue advisory opinions, and this rule applies equally to election cases.").

determining whether to admit rebuttal evidence. *See State ex rel. Mobley v. Powers*, 2024-Ohio-104, ¶ 11.

*1. Exhibit Nos. 19, 20, 21, and 22*

{¶ 15} In its merit brief, the board argued that this court should disregard certain evidence submitted by Hicks: exhibit No. 10 (an Ohio Ethics Commission filing), exhibit Nos. 11 and 12 (water bills and water usage records for Haslam's apartment), exhibit No. 13 (minutes from the June 30, 2023 meeting of the Adams County Commissioners), and exhibit No. 14 (a screenshot of Haslam's Adams County voter-registration information). The board contends that these exhibits lack "any certification of authenticity" and should therefore be disregarded.

{¶ 16} In rebuttal, Hicks asks for leave to submit exhibit Nos.19, 20, 21, and 22. Exhibit No. 19 is another copy of the water bill and usage records (i.e., exhibit Nos. 11 and 12 to the complaint) that has been stamped as a true and authentic copy by the West Union Water and Sewer Department. Exhibit No. 20 is another copy of a portion of the June 30, 2023 county commissioners' meeting minutes whereby Haslam's acting-prosecuting-attorney appointment was approved (i.e., exhibit No. 13 to the complaint) that has been certified by the clerk of the county commissioners. Exhibit No. 21 is another copy of Haslam's Ohio Ethics Commission filing (i.e., exhibit No. 10 to the complaint) that is unredacted. And exhibit No. 22 is a letter from the Ohio Ethics Commission that explains why it had redacted the previous version sent to Hicks and noting that it was providing an unredacted copy.

{¶ 17} Hicks offers exhibit Nos. 19 through 22, which all contain indicia of authenticity beyond Hicks's previous authenticating affidavit, to rebut the board's contention that this court should disregard the exhibits previously submitted with his complaint. As such, we allow exhibit Nos. 19 through 22 as proper evidence to rebut the board's claims that other copies of previously filed exhibits are not authentic.

*2. Exhibit No. 23*

**{¶ 18}** Exhibit No. 23 is a copy of an email from board director Stephanie Lewis to Hicks on September 10, 2025.  In that message, Lewis indicated that the board had been sending campaign-finance notices to Haslam by regular mail and *not* by certified mail, as the board had previously thought.  This evidence rebuts one of the rationales given by the board for denying Hicks's challenge, namely, that certified mailings to Haslam at the West Union address had never been returned as undeliverable or unclaimed.  Accordingly, we allow exhibit No. 23 as proper rebuttal evidence.

*3. Exhibit Nos. 24 and 25*

**{¶ 19}** Exhibit Nos. 24 and 25 are documents related to a challenge by Hicks to the voter registration of former Adams County prosecuting attorney, C. David Kelley.  We deny Hicks's motion for leave to file exhibit Nos. 24 and 25 as rebuttal evidence.

**{¶ 20}** Hicks is not offering these exhibits in response to arguments or evidence submitted by the board.  Rather, he is arguing that the records related to Kelley's voter registration would be an example of the type of records that would support the denial of a challenge based on board records alone.  These exhibits are not rebuttal evidence.  Therefore, we deny Hicks leave to file them.

**{¶ 21}** In sum, we grant Hicks's motion for leave to file exhibit Nos. 19 through 23 as rebuttal evidence.  We deny his motion as to exhibit Nos. 24 and 25.

### C.  Mandamus

**{¶ 22}** To obtain the requested writ of mandamus, Hicks must establish by clear and convincing evidence (1) a clear legal right to have Haslam's voter registration in Adams County canceled, (2) a clear legal duty on the part of the board to cancel Haslam's registration, and (3) the lack of an adequate remedy in the ordinary course of the law.  *See State ex rel. White v. Franklin Cty. Bd. of Elections*, 2020-Ohio-524, ¶ 6.  In this case, Hicks lacks an adequate remedy in the ordinary

course of the law because the general election for which he seeks relief in mandamus is less than two months away.[3] *See State ex rel. Grumbles v. Delaware Cty. Bd. of Elections*, 2021-Ohio-3132, ¶ 8.

{¶ 23} As to the remaining elements, the relevant determination in this case is whether the board has engaged in fraud or corruption, abused its discretion, or acted in clear disregard of applicable legal provisions by denying Hicks's challenge to Haslam's voter registration in Adams County. *See State ex rel. Tremmel v. Erie Cty. Bd. of Elections*, 2009-Ohio-5773, ¶ 15. We make this determination based on the evidence that was presented to the board. *See State ex rel. Stoll v. Logan Cty. Bd. of Elections*, 2008-Ohio-333, ¶ 40 ("a claim that the board of elections abused its discretion or clearly disregarded applicable law [can]not be based on evidence that was never presented to it"). The term "abuse of discretion" connotes an unreasonable, arbitrary, or unconscionable decision. *State ex rel. Stine v. Brown Cty. Bd. of Elections*, 2004-Ohio-771, ¶ 12.

{¶ 24} Typically, in this court's election-related mandamus cases, a determination that the board abused its discretion or acted in disregard of applicable law results in the granting of a writ. *See, e.g., State ex rel. Fritz v. Trumbull Cty. Bd. of Elections*, 2021-Ohio-1828, ¶ 12, 21 (granting a writ of mandamus ordering removal of a measure from the ballot when the board of elections committed a legal error in not rejecting a measure that failed to comply with ballot-access requirements); *State ex rel. Rhoads v. Hamilton Cty. Bd. of Elections*, 2021-Ohio-3209, ¶ 6, 39 (granting a writ of mandamus ordering the board of elections to prepare new ballot language when the board abused its discretion in certifying certain language for the ballot). In this case, however, even if we were to decide

---

3. The board does not question Hicks's standing as a "qualified elector" to challenge Haslam's right to vote under R.C. 3503.24(A). Though it is not disputed that Hicks is a qualified elector registered in Clermont County, the parties have not briefed the issue of whether a qualified elector in one county may assert a challenge to a voter's right to vote in another county.

that the board abused its discretion and disregarded applicable law in denying Hicks's challenge based solely on board records, Hicks cannot prevail because he has not demonstrated entitlement to the only mandamus relief he seeks in his complaint.

{¶ 25} Hicks's complaint seeks a writ of mandamus ordering the board "to cancel the registration of Aaron Evans Haslam as being contrary to law." Hicks asks for no other mandamus relief as either principal or alternative relief. He has not, however, shown a clear entitlement to an outright cancellation of Haslam's voter registration. Indeed, Hicks himself, in his challenge submitted to the board, acknowledged that the board "does not, itself alone, maintain records to sustain the challenge" to Haslam's voter registration. (Underlining in original.) For this reason, Hicks asked the board to convene a hearing within ten days, in accordance with R.C. 3503.24(B), at which evidence could be presented to determine the validity of Haslam's registration in Adams County.

{¶ 26} Hicks's acknowledgement turns out to have been a reasonable one: the board records submitted as evidence in this case, which all show Haslam's registered voting address as the West Union apartment address, do not show definitively that the board should have sustained the challenge based on those records alone. Hicks argues, however, that the record before us in this case, including new evidence that has arisen since the board denied his challenge, now supports a writ of mandamus ordering the board to cancel Haslam's voter registration in Adams County. Indeed, Hicks uses evidence that was not presented as part of his challenge at the board to amplify his claim that Haslam does not live in West Union. But in deciding whether a board of elections abused its discretion or disregarded applicable law, we look at the evidence that was presented to the board. *See Stoll*, 2008-Ohio-333 at ¶ 40. While Hicks has submitted evidence supporting his allegation that the board erred in denying his challenge based solely on a review of board records, he has not shown that a writ of mandamus ordering

the board to cancel Haslam's voter registration is appropriate. *See State ex rel. Syx v. Stow City Council*, 2020-Ohio-4393, ¶ 27 ("relator has the burden to show the existence of a legal right and a legal duty that are clear" [emphasis deleted]).

{¶ 27} Perhaps in recognition of this shortcoming, Hicks argues that this court has the option to remand to the board to hold a hearing under R.C. 3503.24(B). The board argues, however, that we cannot grant Hicks this alternative relief in mandamus because Hicks did not request it in his complaint. Indeed, a relator in an original action must plead all relief sought. *See* S.Ct.Prac.R. 12.02(B)(3) ("[a]ll relief sought" in an original action "shall be set forth in the complaint"). And this court has rebuffed requests for alternative relief that a relator has sought in a merit brief but not in the complaint. *See, e.g.*, *State ex rel. Duncan v. Chambers-Smith*, 2025-Ohio-978, ¶ 17 (relator could not obtain relief that he did not request in his complaint); *State ex rel. Schuck v. Columbus*, 2018-Ohio-1428, ¶ 21 (denying request for alternative relief in mandamus when relator requested it in merit brief but not in complaint); *State ex rel. Massie v. Gahanna-Jefferson Pub. Schools Bd. of Edn.*, 1996-Ohio-47, ¶ 19 (declining to address a new claim raised in merit briefing when the relator had not sought leave to amend his complaint to add the claim).

{¶ 28} For his part, Hicks argues that he is not foreclosed from obtaining a remand to the board for a hearing in this case, because his complaint asked this court to "award [Hicks] any other relief that this Court deems proper[,] just or appropriate in law or equity." Hicks argues that remanding for a hearing would be an appropriate remedy.

{¶ 29} Hicks cites *State ex rel. Scott v. Streetsboro*, 2016-Ohio-3308, as an example of a mandamus case that we remanded for an evidentiary hearing after determining that there were inadequate records and questions of material fact to be determined. *Scott*, however, is inapposite. That case was an appeal from a grant of summary judgment in a mandamus case that originated in the court of appeals.

*Id.* at ¶ 7-8. Thus, *Scott* is not an example of an original action in which we granted mandamus relief that was not pleaded in the complaint.

{¶ 30} We decline to interpret Hicks's generic request for "any other relief" to include a request for a specific alternative remedy in mandamus. Hicks was the master of his complaint and he bears the consequences of failing to request the precise alternative relief in mandamus that he now asks for in his merit brief.

{¶ 31} Hicks has not shown his entitlement to a writ of mandamus ordering the board to cancel Haslam's voter registration, and he did not request the alternative relief of a remand to the board for a hearing. We therefore deny the writ of mandamus without having to examine whether the board abused its discretion or disregarded applicable law in rejecting Hicks's challenge based solely on its review of board records under R.C. 3503.24(B).

### III. CONCLUSION

{¶ 32} We grant the board's motion for leave to file amended evidence. We grant Hicks's motion for leave to file exhibit Nos. 19 through 23 as rebuttal evidence, but deny his motion as to exhibit Nos. 24 and 25. Finally, because Hicks has not shown entitlement to the only mandamus relief sought in his complaint, we deny the writ.

Writ denied.

_____

Christopher R. Hicks, pro se.

Mark J. Tekulve, Clermont County Prosecuting Attorney, and Brian C. Shrive and Joseph T. Mooney, Assistant Prosecuting Attorneys, for respondent.

_____